[No. B044562. Second Dist., Div. Four. Aug. 24, 1990.]

JANET MAHONEY, Plaintiff and Appellant, v.
SOUTHLAND MENTAL HEALTH ASSOCIATES MEDICAL
GROUP et al., Defendants and Respondents.

**COUNSEL**

Lemaire & Faunce and Steven R. Pingel for Plaintiff and Appellant.

Wood, Lucksinger & Epstein, Naida L. Brown and Thomas J. Kristoff for Defendants and Respondents.

## OPINION

**GEORGE, Acting P. J.**—Janet Mahoney appeals from a summary judgment of the superior court entered following denial of her request for a continuance of the hearing on the motion for summary judgment filed by respondents Southland Mental Health Associates Medical Group, Perry Maloff, and Arthur Luban. Appellant does not dispute the substantive correctness of the court's ruling granting the motion for summary judgment but contends the court erred in denying her request for the continuance she sought in order to enable her to file an opposition. For the reasons that follow, we affirm the judgment.

### FACTUAL AND PROCEDURAL HISTORY

On May 26, 1987, appellant filed a complaint for damages, alleging, among other claims, that respondents had terminated her employment in breach of her contract and in violation of the implied covenant of good faith and fair dealing. On February 2, 1989, respondents moved for summary judgment on various grounds, including that there had been a novation of her employment contract and that the decision in *Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654 [254 Cal.Rptr. 211, 765 P.2d 373] precluded tort recovery for breach of the implied covenant of good faith and fair dealing. On April 17, 1989, respondents filed a notice of nonreceipt of opposition from appellant. After the statutory period for filing an opposition had expired, appellant requested that the hearing on the motion be continued, and the parties thereafter stipulated that the hearing be continued to May 2, 1989.

Appellant's attorney, Steven R. Pingel, appeared at the hearing held on that date. In response to the court's inquiry why Mr. Pingel still had not filed any opposition, he stated he had not done so because, toward the end of the preceding year, the partner in his law firm who was in charge of workers' compensation cases had left the firm. Mr. Pingel requested a second continuance of 30 days. The court asked Mr. Pingel why he had not filed a declaration setting forth the reasons for his request for a continuance. Mr. Pingel stated he had not done so because of lack of time, and because he had contracted the flu and a throat infection one and one-half weeks prior to the hearing, resulting in his being partially incapacitated.

The court denied Mr. Pingel's request for a continuance and granted the motion for summary judgment. Judgment was entered, and appellant filed timely notice of appeal.

## DISCUSSION

## THE COURT DID NOT ERR IN DENYING APPELLANT'S REQUEST FOR A CONTINUANCE

■ Appellant contends the superior court erred in denying her request for a continuance which she sought for the purpose of preparing an opposition to the motion for summary judgment. We disagree.

" ' "Generally, power to determine when a continuance should be granted is within the discretion of the court, and there is no right to a continuance as a matter of law. [Citation.]" ' " (*American Continental Ins. Co.* v. *C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1280 [241 Cal.Rptr. 466].) An exception is created by Code of Civil Procedure section 437c, subdivision (h), which mandates that the court grant a continuance of a hearing on a motion for summary judgment " ' "upon a good faith showing *by affidavit* that a continuance is needed to obtain facts essential to justify opposition to the motion." ' [Citations.]" (195 Cal.App.3d at p. 1280, italics in original.) In the present case, however, appellant's attorney failed to present any affidavit or declaration to the court, or to indicate orally that his request for a continuance was founded upon a need to obtain additional facts concerning the case. (Compare *Nazar* v. *Rodeffer* (1986) 184 Cal.App.3d 546, 555-557 [229 Cal.Rptr. 209].) Therefore, the granting of a continuance was not mandated by this subdivision and was within the discretion of the court.

■ "[A] reviewing court should not disturb the exercise of a trial court's discretion unless it appears that there has been a miscarriage of justice. . . . 'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' [Citations.]" (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

In determining whether the court below abused its discretion, a review of the standards governing requests for continuance of trial dates is instructive. California Rules of Court, rule 375, concerning motions and grounds for continuance of trial dates, provides that a motion for continuance shall be made on written notice to all other parties, "[e]xcept for good cause." "A continuance before or during trial shall not be granted except on an

affirmative showing of good cause under the standards recommended in section 9 of the Standards of Judicial Administration."[1]

In *County of San Bernardino* v. *Doria Mining & Engineering Corp.* (1977) 72 Cal.App.3d 776, 781 [140 Cal.Rptr. 383], the appellate court applied the predecessor of this rule, California Rules of Court, rule 224, in a case in which the trial court had denied defense counsel's oral motion (made on the date set for trial) for a continuance of trial on the ground that the defendant intended to substitute attorneys. The Court of Appeal held this motion did not meet the requirements of rule 224, observing that the defendant had not submitted a noticed written motion in advance of the date set for trial; the motion had not been made " 'promptly upon the necessity for the continuance being ascertained' " (because the need for the attorney substitution necessitating the continuance had been apparent for more than one week), and counsel had not made an affirmative showing of good cause. (72 Cal.App.3d at p. 783.)

The Court of Appeal further concluded "that there is no policy in this state of indulgence or liberality in favor of parties seeking continuances" (72 Cal.App.3d at p. 781), commenting that while there is language in several cases (including *Larson* v. *Solbakken* (1963) 221 Cal.App.2d 410, 429 [34 Cal.Rptr. 450], cited by appellant) purporting to express a judicial philosophy of liberality in granting continuances, "that philosophy, if it even existed, is now obsolete." (72 Cal.App.3d at p. 780.) More recent appellate decisions have adhered to the foregoing policy expressed in *County of San Bernardino* v. *Doria Mining & Engineering Corp., supra,* 72 Cal.App.3d 776. (See *Day* v. *Rosenthal* (1985) 170 Cal.App.3d 1125, 1173-1174 [217 Cal.Rptr. 89]; *In re Marriage of Hoffmeister* (1984) 161 Cal.App.3d 1163, 1168-1169 [208 Cal.Rptr. 345].)

 Although the present case involves a request for a continuance of the hearing date set for a motion for summary judgment rather than the commencement or continuation of a trial, we see no reason to depart from

---

[1] Section 9 of the California Standards of Judicial Administration provides, in pertinent part: "To ensure the prompt disposition of civil cases, each superior court should adopt a firm policy regarding continuances . . . . Any continuance, whether contested or uncontested or stipulated to by the parties, should be applied for by noticed motion, with supporting declarations, to be heard only by the presiding judge or by a judge designated by him. No continuance otherwise requested should be granted except in emergencies. A continuance should be granted only upon an affirmative showing of good cause . . . ." This section describes five matters which normally should be considered as providing good cause for the granting of a continuance: (1) death of a trial attorney or witness; (2) illness of a trial attorney or witness; (3) unavailability of a trial attorney or witness; (4) substitution of a trial attorney; and (5) a significant change in the status of the case.

the policies expressed in *County of San Bernardino* v. *Doria Mining & Engineering Corp., supra.*[2] Appellant requested and received a two-week continuance. She subsequently made a second, oral request for a further continuance at the time set for hearing on the motion, without submitting a written declaration or providing prior notice. ▮ Although a trial court *may* excuse failure to comply with the requirement of a declaration in support of a motion for continuance (see, e.g., *Taylor* v. *Bell* (1971) 21 Cal.App.3d 1002, 1008 [98 Cal.Rptr. 855]; *Larson* v. *Solbakken, supra,* 221 Cal.App.2d 410, 430), the court is not required to do so.

▮ Despite the urging of appellant's counsel that the requested continuance was necessitated in part by the departure of one of the partners in his law firm, this event had occurred at least one month prior to the filing of respondents' motion for summary judgment and more than four months prior to the request for continuance made at the hearing on May 2, 1989. A review of the file discloses that appellant's present counsel handled appellant's case from its inception; therefore, the present proceeding is not one in which counsel suddenly was required to assume responsibility for his client's case.

Appellant's counsel asserted at the May 2 hearing that the other basis for his request for a continuance was that a recent illness had partially incapacitated counsel. In *Williams* v. *Elliott* (1954) 127 Cal.App.2d 357, 361-362 [273 P.2d 953], the court concluded that the trial court did not abuse its discretion in denying the plaintiff's motion for a continuance where it was not clearly established that the plaintiff actually was incapacitated due to illness. Moreover, at the hearing in the present case, appellant's counsel admitted he had decided two to three weeks prior to the hearing date to oppose the motion for summary judgment, whereas he became ill only one and one-half weeks prior to the hearing date. The illness of appellant's counsel does not explain the delay in seeking a continuance. Therefore, it appears that appellant's counsel failed promptly to request a continuance upon ascertaining the need therefor and failed to meet the burden of establishing good cause for a continuance. In light of these circumstances, the court did not abuse its discretion in denying appellant's request for a continuance.

Because appellant has not based her appeal on any claim that the court erred substantively in granting the motion for summary judgment, and has

---

[2] Without discussing the standards which should govern a decision whether to grant a continuance sought by a party opposing a motion for summary judgment, the court in *Fisher* v. *Larsen* (1982) 138 Cal.App.3d 627, 648 [188 Cal.Rptr. 216], in determining that the plaintiff's intended substitution of attorneys did not provide good cause for continuance of the summary judgment hearing, implicitly adopted the standard of California Rules of Court, rule 375.

not suggested how she might otherwise have opposed the motion had a continuance been granted, we need not, and do not, discuss the correctness of the ruling granting summary judgment.

## DISPOSITION

The judgment is affirmed.

Goertzen, J., and Epstein, J., concurred.