[No. G032120. Fourth Dist., Div. Three. July 13, 2004.]

RICHARD LERMA et al., Plaintiffs and Appellants, v.
COUNTY OF ORANGE et al., Defendants and Respondents.

**COUNSEL**

Robert W. Ragsdale and Gary T. Mason for Plaintiffs and Appellants.

Allen, Mullings & Allen and Debra E. Allen for Defendant and Respondent County of Orange.

Carpenter, Rothans & Dumont, Steven J. Rothans and Jill W. Babington for Defendant and Respondent City of Rancho Santa Margarita.

**OPINION**

**MOORE, J.**—There are times when respect for the human condition dictates a compassionate response to a request for a continuance. This is one of those times.

In the case before us, plaintiffs' counsel was served with a motion for summary judgment on the day he was admitted to the hospital to have his cancerous bladder removed. The attorney was unaware that he had been served with the motion until the day after he was released from the hospital. He then had two business days in which to obtain affidavits, and prepare and file an opposition to the motion, or lose his clients' case. Even though the attorney was in no condition to work, he managed to timely file a perfunctory opposition, together with a gut-wrenching request for a continuance. He was largely nonspecific as to the particular affidavits he might file, and the explicit facts he might adduce in opposition to the motion, if only he had the time to do so. He was, however, painfully specific about the reasons why he was in a position to be no more complete at that moment in time.

The trial court applied Code of Civil Procedure section 437c, subdivision (h), to deny the continuance request, and thereafter put an end to plaintiffs' case, by granting summary judgment in defendants' favor. It

did not consider whether the request, even though shy of compliance with section 437c, subdivision (h), showed good cause for a continuance.

Defendants argue that the attorney should have already had on hand all evidence necessary to oppose the motion, and that, therefore, a continuance should have been unnecessary. Defendants seem to overlook the fact that, even if all the necessary evidence was contained in files located only 10 feet away from the attorney's desk, there are times when walking those 10 feet, lifting each individual file, and searching through documentation to find each specific item of evidence, is simply beyond human ability. The fact that the incapacitated attorney filed anything at all was nothing short of heroic. The request he filed unquestionably showed good cause for a continuance and the court abused its discretion in denying the request. We reverse and remand.

## I

## FACTS

Garrett Lerma was killed in an automobile accident. In December 2001, his father, mother and sister, plaintiffs Richard, Deborah and Ashlie Lerma (the Lermas), filed a wrongful death complaint against the County of Orange, the City of Rancho Santa Margarita, and Morgan A. Pasqualetto (Pasqualetto), one of the drivers involved in the accident.

In the complaint, the Lermas alleged that: "On December 26, 2000, on Los Alisos Blvd., near its intersection with SR 241, in the City of Rancho Santa Margarita, County of Orange, State of California, . . . GARRETT LOGAN LERMA was killed in a motor vehicle accident on said street. On and before said date the subject street was in a dangerous condition and created a substantial risk of harm that the conditins [sic] of the street, including vegetation on the property, obscured the view of drivers so that drivers coming on to and entering the street could believe that it was safe to enter on to the street and not see other motor vehicles coming from different directions."

On November 26, 2002, the city filed a motion for summary judgment, which was set for hearing on December 24, 2002. The motion was based on four grounds: (1) pursuant to Government Code section 830.6, the city was immune from liability for the roadway design; (2) the city had neither actual nor constructive notice of any alleged dangerous condition before the accident; (3) there was no dangerous condition at the time of the accident; and (4) the conduct of the drivers of certain vehicles involved in the accident constituted intervening, superseding negligent acts. On November 27, 2002, the county filed a notice of joinder in the motion for summary judgment.

On December 10, 2002, the Lermas filed an opposition and request for continuance of the motion for summary judgment. The request for continuance was based on the dire health condition of the Lermas' attorney.

In his declaration in support of the request for continuance, the attorney stated in pertinent part: "2. I was diagnosed with a reoccurrence of cancer in May 2002 and since shortly thereafter have been undergoing treatment. I was scheduled for surgery at USC-Norris Cancer Center the week of November 25, 2002. Due to complications from the treatment, I have suffered kidney problems and on Friday, November 23, 2002, I was admitted to Saddleback Hospital for emergency surgery to prevent kidney failure. I was released later that day but under pain medication. [¶] 3. At 10:00 A.M., on November 26, 2002, I was admitted to USC-Norris Cancer Hospital for removal of my bladder due to cancer. I was in intensive care for 2 days and was discharged on December 6, 2002. I am presently unable to work and have been advised by my doctors that I will not be able to return to work for 6 to 8 weeks."

The declaration continued: "4. I was served with the City of Rancho Santa Margarita's motion for summary judgment on November 26, 2002, the day of my admission to the hospital. I did not see or become aware of the motion until December 7, 2002, upon my return home. [¶] 5. Obviously, I have not been able to obtain the evidence and declarations necessary to oppose the city's motion. [¶] 6. I believe that I will be able to obtain the necessary evidence and declarations to successfully oppose the motion and establish a triable issue of fact to each of the claimed undisputed facts raised by the city."

In the opposition to the summary judgment motion, the Lermas stated: (1) their cause of action for dangerous condition of property was not based on the design of the roadway, but rather was based on the maintenance of shrubbery within the center divider, which they contended obscured the view of drivers; (2) if given the opportunity, they would be able to provide evidence to raise a triable issue of fact pertaining to the public entities' notice of the dangerous condition; (3) whether there was a dangerous condition was a question of fact; (4) the negligence of any third party would not, as a matter of law, exonerate the public entities; and (5) the county's joinder was untimely filed.

The court denied the Lermas' request for a continuance and granted the summary judgment motion. In its formal order granting summary judgment in favor of the city, the court stated that summary judgment was granted for two reasons: (1) the city was immune from liability as a matter of law pursuant to Government Code section 830.6; and (2) the city had neither actual nor constructive notice of any alleged dangerous condition before the accident. In

the formal order granting summary judgment in favor of the county, only the first ground was mentioned.

Summary judgment was thereafter entered in favor of each of the city and the county. Richard and Deborah Lerma appeal from each judgment.[1]

## II

## DISCUSSION

### A. *Request for Continuance*

" ' " 'Generally, power to determine when a continuance should be granted is within the discretion of the court, and there *is* no right to a continuance as a matter of law. [Citation.]' " ' [Citation.] An exception is created by Code of Civil Procedure section 437c, subdivision (h), which mandates that the court grant a continuance of a hearing on a motion for summary judgment ' " 'upon a good faith showing *by affidavit* that a continuance is needed to obtain facts essential to justify opposition to the motion.' " [Citations.]' [Citation.]" (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 170 [272 Cal.Rptr. 602].)

In order to determine whether a continuance is mandatory, then, we look to Code of Civil Procedure section 437c, subdivision (h). That subdivision provides in pertinent part: "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just."

The court denied the Lermas' request for a continuance on finding they had not presented competent evidence to establish the grounds for a continuance. Indeed, the Lermas did not provide any affidavits whatsoever indicating what facts essential to justify opposition may have existed. The only hint provided as to what essential facts might have been available was contained in the body of the opposition. In the opposition, the Lermas emphasized that it was

---

[1] In their notice of appeal, Richard and Deborah Lerma state that they appeal from the summary judgment entered in favor of the county on February 7, 2003, and from the summary judgment entered in favor of the city on January 27, 2003. To be precise, the summary judgment in favor of the county was entered on March 3, 2003. The document filed on February 7, 2003, was the order granting summary judgment in favor of the county. We will deem the appeal to be from the summary judgment entered in favor of the county on March 3, 2003, as well as from the summary judgment entered in favor of the city on January 27, 2003.

not roadway design but shrubbery maintenance that was at issue, and stated that Pasqualetto had testified at deposition that the shrubbery in the center divider obscured the view of approaching vehicles. From this, one might infer that the Lermas, had they more time, would have presented evidence sufficient to raise a triable issue of fact as to whether the state of the shrubbery, rather than the roadway design, caused the allegedly dangerous condition of property.

The only declaration the Lermas actually offered was the declaration of their incapacitated attorney. He stated in a conclusory fashion that he believed he would "be able to obtain the necessary evidence and declarations to successfully oppose the motion and establish a triable issue of fact to each of the claimed undisputed facts raised by the city." However, he gave no clue as to what evidence or declarations he might present. The only hint in this regard, as stated above, was the discussion of the shrubbery, as contained in the body of the opposition.

Both the city and the county maintain that, without an explanation as to what specific evidence existed that would have supported the opposition, the continuance was properly denied. As this court stated in *Frazee v. Seely* (2002) 95 Cal.App.4th 627, 633 [115 Cal.Rptr.2d 780] with respect to section 437c, subdivision (h), "The nonmoving party seeking a continuance 'must show: (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. [Citations.]' [Citation.]" Generally speaking, the party seeking the continuance must "provide supporting affidavits or declarations detailing facts that would establish the existence of controverting evidence . . . . [Citation.]" (*American Continental Ins. Co. v. C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1280 [241 Cal.Rptr. 466].)

Here, the Lermas were nonspecific. The only thing before the court was the attorney's bald assertion that facts essential to justify opposition may have existed, but there was no clear statement as to what those facts may have been. Code of Civil Procedure section 437c, subdivision (h) requires more than a simple recital that "facts essential to justify opposition may exist." The affidavit or declaration in support of the continuance request must detail the specific facts that would show the existence of controverting evidence. (*Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548 [30 Cal.Rptr.2d 706]; *American Continental Ins. Co. v. C & Z Timber Co., supra,* 195 Cal.App.3d at p. 1280.)

There is good reason for this more exacting requirement. The statute cannot be employed as a device to get an automatic continuance by every unprepared party who simply files a declaration stating that unspecified

essential facts may exist. The party seeking the continuance must justify the need, by detailing both the particular essential facts that may exist and the specific reasons why they cannot then be presented. The Lermas failed to detail the facts as required. This being the case, the court correctly determined that a continuance was not mandatory under Code of Civil Procedure section 437c, subdivision (h). This was not, however, where the analysis should have ended.

■ When a continuance of a summary judgment motion is not mandatory, because of a failure to meet the requirements of Code of Civil Procedure section 437c, subdivision (h), the court must determine whether the party requesting the continuance has nonetheless established good cause therefor. That determination is within the court's discretion. (*Mahoney v. Southland Mental Health Associates Medical Group, supra,* 223 Cal.App.3d at pp. 170–172; see also *Scott v. CIBA Vision Corp.* (1995) 38 Cal.App.4th 307, 313–314, 326 [44 Cal.Rptr.2d 902].)

■ As the court in *Mahoney v. Southland Mental Health Associates Medical Group, supra,* 223 Cal.App.3d at page 170 indicated, "a review of the standards governing requests for continuance of trial dates is instructive." Among the factors to be considered are the death or illness of the attorney. (*Id.* at p. 171, fn. 1.) Here, the dire medical condition of the attorney was plain, and good cause for a continuance was clearly shown. It was an abuse of discretion to deny the continuance. The court's order, in essence, would have had the effect of requiring an attorney who was hospitalized with a life-threatening condition to be sifting through evidence, contacting affiants and drafting documents while lying in his hospital bed, utterly without knowledge of the requirement that he so proceed, in order to avoid losing his clients' case on summary judgment when he emerged from the hospital.

The facts in this case closely parallel those in *Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242 [9 Cal.Rptr.3d 821].[2]

In *Hernandez,* the plaintiff's attorney sought a continuance of the trial date due to his battle with pancreatic cancer. The trial court heard his ex parte application on September 12, 2003, three days before the initially scheduled trial date. Although the court continued the trial date to December 15, 2003, the attorney died on September 20, 2003. Nine days later, the plaintiff learned of the attorney's death, and immediately began searching for a new lawyer. He met with a replacement attorney on October 2, 2003. That attorney stated that, due to prior trial commitments, he would be unable to take the case

---

[2] At oral argument, this court requested that the parties provide supplemental briefing with respect to this recent opinion, having to do with a continuance based on good cause.

unless it was continued beyond December 15, 2003. He recommended that the plaintiff request both a continuance and permission to reopen discovery.

The plaintiff filed an ex parte application for relief, which was heard on October 17, 2003. The court observed that it had already continued the trial date for three months due to the original attorney's illness. It further continued the trial date to January 26, 2004, and denied the plaintiff's request to reopen discovery, even though the plaintiff's replacement attorney was unavailable to start trial on that date and the plaintiff was scheduled for spinal surgery in December 2003.

The plaintiff filed a petition for a writ of mandate, which was granted. The appellate court held that the trial court had abused its discretion in failing to grant a longer continuance and to reopen discovery. (*Hernandez v. Superior Court, supra,* 115 Cal.App.4th at pp. 1245–1246.) As the court stated, " 'While it is true that a trial judge must have control of the courtroom and its calendar and must have discretion to deny a request for a continuance when there is no good cause for granting one, it is equally true that, absent [a lack of diligence or other abusive] circumstances which are not present in this case, a request for a continuance supported by a showing of good cause usually ought to be granted.' [Citation.]" (*Hernandez v. Superior Court, supra,* 115 Cal.App.4th at pp. 1246–1247.) The court also stated, "If plaintiff's counsel's serious physical illness and its debilitating effects culminating in death during the final stages of litigation are not good cause for continuing a trial and reopening of discovery, there is no such thing as good cause. A plaintiff in a personal injury action is not chargeable with the continued good health of his or her attorney. Forcing such a plaintiff to trial without counsel or adequately prepared counsel is not likely to ensure fairness, the overall policy of the law. [Citation.]" (*Id.* at p. 1244.)

While in the case before us plaintiffs did not seek the continuance of a trial date, they did seek the continuance of the summary judgment motion. The reason for the continuance request was the same as in *Hernandez v. Superior Court, supra,* 115 Cal.App.4th 1242—to permit plaintiffs to be represented by physically able counsel. As stated in *Hernandez,* "The death or serious illness of a trial attorney or a party 'should, under normal circumstances, be considered good cause for granting the continuance of a trial date[.]' [Citation.]" (*Id.* at pp. 1247–1248.) Likewise, it is good cause for granting the continuance of a summary judgment motion.

As we emphasized in *Bahl v. Bank of America* (2001) 89 Cal.App.4th 389, 398–399 [107 Cal.Rptr.2d 270], "Judges are faced with opposing responsibilities when continuances for the hearing of summary judgment motions are

sought. On the one hand, they are mandated by the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.) to actively assume and maintain control over the pace of litigation. On the other hand, they must abide by the guiding principle of deciding cases on their merits rather than on procedural deficiencies. [Citation.] Such decisions must be made in an atmosphere of substantial justice. When the two policies collide head-on, the strong public policy favoring disposition on the merits outweighs the competing policy favoring judicial efficiency. [Citation.]" This is not a case where a party has been dilatory in its efforts and the court needs to seize control of the situation and force the party to engage in diligent pursuit of litigation objectives. It is simply a case in which the frailties of mankind's physical housing created a brief interference with the efficient resolution of a motion.

The city and county disagree. While they express their sympathies for the attorney's health, they insist his condition was not sufficient reason to grant the continuance. Moreover, they point out that the summary judgment motion was scheduled for hearing just 90 days before the scheduled trial date. The county argues that the Lermas' attorney should have already had on hand all evidence necessary to oppose the motion, and that, therefore, a continuance should have been unnecessary. We could not disagree more. Just because the evidence should have been on hand does not mean that the attorney, in his postoperative condition, had the physical ability to sort through that evidence, organize it, prepare a discussion of it, and file a thorough document with the court. A continuance was clearly necessary.

B. *Untimely Joinder*

■ In addition to claiming error on the basis of the denial of the continuance, the Lermas assert the trial court erred in permitting the county to join in the city's summary judgment motion. As the Lermas pointed out in their opposition to the summary judgment motion, the county's joinder was not timely served. As we said in *Frazee v. Seely, supra,* 95 Cal.App.4th 627, 636–637, with respect to the version of Code of Civil Procedure section 437c, subdivision (a) then in effect, "There is [a] procedural flaw in the motion for joinder. Section 437c, subdivision (a) requires that '[n]otice of the motion [for summary judgment] and supporting papers shall be served on all other parties to the action at least 28 days before the time appointed for hearing.' " Here, the scheduled hearing date on the motion for summary judgment was December 24, 2002. The county filed its notice of joinder on November 27, 2002, less than 28 days before the hearing date. It appears service was also effectuated on November 27, 2002, by facsimile and mail.[3]

---

[3] The proof of service attached to the notice of joinder states that the "foregoing" notice of certain continued depositions was served by facsimile and mail on November 27, 2002. We assume the misdescription of the document being served was a typographical error. In any

The court erred in permitting the joinder, inasmuch as the notice of joinder was not timely served. (*Frazee v. Seely, supra,* 95 Cal. App.4th at pp. 636–637 [115 Cal.Rptr.2d 780].)

The county argues that the Lermas waived the issue of the timeliness of service by failing to obtain a ruling on it. We disagree. The Lermas raised the issue in their opposition to the motion for summary judgment. As stated in its formal order granting summary judgment in favor of the county, the court then took the county's joinder under submission and granted summary judgment in the county's favor. While the court did not articulate a finding on the timeliness of service of the notice of joinder, its ruling contains an implied finding that service was timely. (*People v. Francis* (2002) 98 Cal.App.4th 873, 877–878 [120 Cal.Rptr.2d 90] [all findings necessary to support the judgment are implied].) The Lermas are at liberty to attack this erroneous finding.

## C. *Issues Raised by City and County*

Having determined that the court erred in failing to grant the Lermas a continuance and in permitting the county to join in the summary judgment motion, we need not address the issues the city and county raise with respect to design immunity and lack of actual or constructive notice of an alleged dangerous condition. We briefly note, however, that the city contends, among other things, the Lermas are precluded from contesting the propriety of summary judgment because they failed to appeal the trial court's finding that the city had no notice of the alleged dangerous condition. The city misses the point. Had the continuance been granted, the Lermas might have been able to present evidence sufficient to raise a triable issue of fact with respect to the issue of such notice. Having appealed on the basis of the lack of a continuance, they need not address each finding the court made once it denied the continuance.

event, the notice of joinder was both dated and filed November 27, 2002, so service could not have occurred earlier.

## III

## DISPOSITION

The summary judgments are reversed and the case is remanded for further proceedings consistent with the views expressed herein. The Lermas shall recover their costs on appeal.

Bedsworth, Acting P. J., and Fybel, J., concurred.