Filed 4/14/15  Modified and certified for publication 4/29/15 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT R. GRANADINO et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> WELLS FARGO BANK, N.A., <br><br> Defendant and Respondent. | B256511 <br><br> (Los Angeles County <br> Super. Ct. No. GC048748) |

APPEAL from a judgment of the Superior Court of Los Angeles County. William D. Stewart, Judge.  Affirmed.

Law Offices of John Thomas Dzialo and John T. Dzialo for Plaintiffs and Appellants.

Severson & Werson, Jan T. Chilton; and Kerry W. Franich for Defendant and Respondent.

_____

Plaintiffs and appellants Robert R. Granadino and his wife Gloria M. Legaspi (appellants) appeal from the summary judgment granted in favor of defendant and respondent Wells Fargo Bank, N.A. (Wells Fargo) on appellants' complaint for promissory estoppel following the foreclosure of their home. Appellants contend their claim is not barred by the statute of frauds, they raised triable issues of material fact on the elements of their clam, they should have been granted a third continuance of the hearing on the motion, and they should be given leave to amend their complaint. We disagree and affirm.

FACTUAL AND PROCEDURAL BACKGROUND

**The Complaint**

On January 11, 2012, appellants filed a complaint against Wells Fargo alleging a single cause of action for promissory estoppel. The complaint alleged that on May 24, 2010, a notice of default was recorded against appellants' residential property in Pasadena, California. In August 2011, a notice of trustee sale was recorded. Appellants retained the law firm of Rex Law, LLP (Rex Law) to negotiate a loan modification with Wells Fargo, which agreed to continue the trustee sale scheduled for September 24, 2011 to October 17, 2011.

On October 17, 2011, a paralegal from the Rex Law firm spoke with Wells Fargo representative Maylene Munoz (Munoz), who stated that appellants were "under active review for a modification and, therefore, there no longer was a trustee [sale] date scheduled." In fact, a sale date of December 16, 2011 was scheduled, and appellants' home was sold at that sale. Just prior to the sale, on December 10, 2011, the same paralegal spoke with Munoz and told her that appellants' tax returns were available. Munoz instructed him to submit the returns, but said nothing about the upcoming sale. Had appellants known about the scheduled sale date, they would have fully reinstated the loan.

The complaint seeks relief in the form of an injunction so that appellants can remain in the home during litigation.

2

**The Summary Judgment Motion**

On April 12, 2013, Wells Fargo filed a motion for summary judgment on the grounds that the complaint was barred by the statute of frauds, appellants could not establish the elements of promissory estoppel, and appellants failed to demonstrate damages.

At appellants' request, the summary judgment hearing was twice continued. The trial court denied a third request for continuance, and the hearing took place on February 7, 2014. The trial court granted the motion for summary judgment, finding that appellants' claim was barred by the statute of frauds and that appellants had failed to establish the elements of promissory estoppel. This appeal followed.

## DISCUSSION

Appellants contend the trial court erred in granting the motion for summary judgment because the statute of frauds is inapplicable and they raised triable issues of material fact as to the elements of promissory estoppel. They also contend the trial court abused its discretion in denying their request for a third continuance of the hearing on the motion for summary judgment, and that they should be granted leave to amend their complaint.

### I. Standard of Review on Summary Judgment

We review a grant of summary judgment de novo, considering "'all of the evidence set forth in the [supporting and opposition] papers, except that to which objections have been made and sustained by the court, and all [uncontradicted] inferences reasonably deducible from the evidence.'" (*Artiglio v. Corning Inc.* (1998) 18 Cal.4th 604, 612.) "In independently reviewing a motion for summary judgment, we apply the same three-step analysis used by the superior court. We identify the issues framed by the pleadings, determine whether the moving party has negated the opponent's claims, and determine whether the opposition has demonstrated the existence of a triable, material factual issue." (*Silva v. Lucky Stores, Inc.* (1998) 65 Cal.App.4th 256, 261.)

The general rule is that summary judgment is appropriate where "all the papers submitted show that there is no triable issue as to any material fact and that the moving

3

party is entitled to a judgment as a matter of law. . . .” (Code Civ. Proc., § 437c, subd. (c).)  A defendant “moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact.” (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)  The moving defendant may meet this burden either by showing that one or more elements of a cause of action cannot be established or by showing that there is a complete defense thereto.  (Code Civ. Proc., § 437c, subd. (o)(2); *Aguilar v. Atlantic Richfield Co., supra,* at p. 850.)  “‘[A]ll that the defendant need do is to show that the plaintiff cannot establish at least one element of the cause of action . . . [;] the defendant need not himself conclusively negate any such element . . . .’  [Citation.]” (*Mills v. U.S. Bank* (2008) 166 Cal.App.4th 871, 894.)  Once the moving party’s burden is met, the burden shifts to the plaintiff to demonstrate the existence of a triable issue of material fact.  (*Silva v. Lucky Stores, Inc., supra,* 65 Cal.App.4th at p. 261.)  The plaintiff must produce “‘*substantial*’” responsive evidence sufficient to establish a triable issue of fact.  (*Leek v. Cooper* (2011) 194 Cal.App.4th 399, 417.)  “[R]esponsive evidence that gives rise to no more than mere speculation cannot be regarded as substantial, and is insufficient to establish a triable issue of material fact.”  (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 163.)

## II.  Statute of Frauds

The statue of frauds provides that any agreement pertaining to “the sale of real property, or of an interest therein” is invalid unless it is memorialized in writing and signed by the party to be charged.  (Civ. Code, § 1624, subd. (a)(3).)  A mortgage or deed of trust is subject to the statute of frauds.  (Civ. Code, § 2922 [“A mortgage can be created, renewed, or extended, only by writing, executed with the formalities required in the case of a grant of real property”].)  An agreement that modifies a contract subject to the statute of frauds is likewise subject to the statute of frauds.  (Civ. Code, § 1698, subd. (c); *Nguyen v. Calhoun* (2003) 105 Cal.App.4th 428, 445 [“we conclude that the foreclosure sale may not be set aside based on the lender’s alleged breach of an oral agreement to postpone the trustee’s sale”].)  “‘[A] gratuitous oral promise to postpone a sale of property pursuant to the terms of a trust deed ordinarily would be unenforceable

4

under [Civil Code] section 1698.'" (*Jones v. Wachovia Bank* (2014) 230 Cal.App.4th 935, 943–944 (*Jones*).)

Here, the alleged promise that no foreclosure sale was scheduled is unenforceable absent a signed writing by Wells Fargo. It is undisputed that no such writing exists.

Appellants devote less than a page in their opening brief to the issue of the statute of frauds, in which they mainly cite to the trial court's order. The only authority they cite is *Aceves v. U.S. Bank N.A.* (2011) 192 Cal.App.4th 218, 231 (*Aceves*), in which the court noted that the current version of Civil Code section 1698 (dealing with modifications of written contracts) was amended in 1976 to state that "Nothing in this section precludes in an appropriate case the application of rules of law concerning estoppel. . . ." (Civ. Code, § 1698, subd. (d).) But appellants present no argument.

Accordingly, the trial court did not err in finding that appellants' claim was barred by the statute of frauds.

## III. No Triable Issue of Material Fact

Even if the statute of frauds did not apply here, the motion for summary judgment was still properly granted because appellants did not raise triable issues of material fact as to the elements of their promissory estoppel claim.

""The elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his reliance.'"" (*Aceves, supra,* 192 Cal.App.4th at p. 225.)

### A. *Promise*

"'[A] promise is an indispensable element of the doctrine of promissory estoppel. The cases are uniform in holding that this doctrine cannot be invoked and must be held inapplicable in the absence of a showing that a promise had been made upon which the complaining party relied to his prejudice . . .' [Citation.] The promise must, in addition, be 'clear and unambiguous in its terms.' [Citation.] 'Estoppel cannot be established from . . . preliminary discussions and negotiations.'" (*Garcia v. World Savings, FSB* (2010) 183 Cal.App.4th 1031, 1044.)

5

The complaint alleged that in October 2011, Wells Fargo told appellants' agent that appellants were "under active review for a modification and, therefore, there no longer was a trustee [sale] date scheduled." But this is not a promise. A "promise" is an assurance that a person will or will not do something. (Black's Law Dict. (7th ed. 1999) pp. 1229-1230.) The complaint alleged a mere statement of fact: appellants were being reviewed for a loan modification and there was no trustee's sale pending. Nothing within this sentence assures appellants that Wells Fargo would refrain from completing a trustee's sale in the future.

### B. Reliance

Even assuming Wells Fargo's alleged statement could somehow be interpreted as a promise, appellants did not create a triable issue on the element of reliance. Appellants' position is that had they known of the December 16, 2011 foreclosure sale date, they would have reinstated the loan. But appellants presented no evidence to support this position.

Wells Fargo showed that appellants did not have enough money to reinstate the loan even if they had known of the December 16, 2011 sale date. Appellants needed $75,340.70 to cure the default prior to the sale, but appellants only had access to $66,605.

In their response to the separate statement of undisputed facts, appellants cited to three excerpts of appellant Robert R. Granadino's deposition testimony to prove they could have reinstated the loan. None of these excerpts raises a triable issue. In the first excerpt, Mr. Granadino testified that he would have "explore[d]" the "possibility" of getting a loan from "a myriad of different entities, such as other banks, friends, relatives, that sort of thing," and that "we didn't necessarily explore it." In the second excerpt, Mr. Granadino testified that "we could have paid the outstanding amounts. There could have been, you know, some things that, you know, that we could have taken a different approach with Wells Fargo." In the third excerpt, Mr. Granadino testified that other than his regular income and an investment account, he could not recall any other sources or accounts from which to draw funds. To defeat summary judgment, appellants cannot rely on "speculation, conjecture, imagination, or guesswork." (*Joseph E. Di Loreto, Inc. v.*

6

*O'Neill* (1991) 1 Cal.App.4th 149, 161; *McGrory v. Applied Signal Technology, Inc.* (2013) 212 Cal.App.4th 1510, 1537.)

While appellants' opening brief contains a few more citations to excerpts of Mr. Granadino's deposition, we disregard these. Not only did appellants fail to include these in the separate statement of undisputed facts, but the additional excerpts only show that Mr. Granadino would have "explored" or "considered" other options, which is insufficient to raise a triable issue of material fact on appellants' reliance on Wells Fargo's alleged promise.

### C. *Reasonable Reliance*

""""Promissory estoppel applies whenever a 'promise *which the promissor should reasonably expect* to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance' would result in an 'injustice' if the promise were not enforced. . . .""" (*Aceves, supra*, 192 Cal.App.4th at p. 227.) "'[A] party plaintiff's misguided belief or guileless action in relying on a statement on which no reasonable person would rely is not justifiable reliance. . . . "If the conduct of the plaintiff in the light of his own intelligence and information was manifestly unreasonable, . . . he will be denied a recovery.'" [Citation.] A mere 'hopeful expectation[] cannot be equated with the necessary justifiable reliance.'" (*Ibid*.)

It is undisputed that a month after Wells Fargo's alleged promise was made, Wells Fargo told appellants—orally and in writing—that their loan was being removed from loss mitigation review and that the foreclosure process would move forward. At that point, appellants could no longer reasonably rely on Wells Fargo's alleged October 2011 representation that the foreclosure was not going forward. Indeed, Wells Fargo's November 2011 letter telling appellants the modification was denied warned them, "[I]f your mortgage has been referred to foreclosure, that process moves forward at the same time."

Appellants nevertheless claim they detrimentally relied on Wells Fargo's alleged promise because they submitted their 2010 tax returns to Wells Fargo just days before the December 16, 2011 foreclosure sale. But appellants never alleged that the tax returns

7

were provided in exchange for a sale postponement. And delivering the tax returns in December 2011 could not possibly have induced the bank to make a promise two months earlier. Nor did providing tax returns to Wells Fargo cause appellants any detriment.

### D. Damages

It is undisputed that at the time of the December 16, 2011 foreclosure sale, appellants owed Wells Fargo a total amount of $1,004,631.75 for both the loan and a home equity line of credit and that the property's fair market value was $875,000, giving the property a negative equity. Since appellants had no equity in the property, they failed to establish damages. (See *Jones, supra,* 230 Cal.App.4th at p. 950.)

In response to the asserted separate fact that appellants had no evidence of damages, appellants responded that their damages included "loss of the home . . . loss of equity in the home and damage to credit." Aside from not having any equity in the home, there are two problems with this response. First, appellants' complaint did not allege damages; nowhere in the body or the prayer of the complaint did appellants allege the existence of damages. Instead, appellants sought an injunction so they could remain in the home pending litigation. (*Jones, supra*, 230 Cal.App.4th at p. 952 [in reviewing summary judgment motion, trial court did not err in rejecting evidence of damages that were not pleaded in the complaint]; *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 541 ["A party cannot successfully resist summary judgment on a theory not pleaded"].)

Second, with respect to "damage to credit," appellants cited to Mr. Granadino's deposition testimony that he was once denied credit when he sought financing from a bank to purchase a car. But this denial caused him no harm because he obtained financing elsewhere. While he was charged "a high interest rate," appellants produced no evidence that such rate was the result of the foreclosure sale rather than the many years of missed mortgage payments, changes in market interest rates, or other reasons. A trial court's damage award on a promissory estoppel claim "must not be speculative, remote, contingent or merely possible." (*Toscano v. Greene Music* (2004) 124 Cal.App.4th 685, 694.)

8

## IV. Denial of Third Request for Continuance

Code of Civil Procedure section 437c, subdivision (h) provides: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication or both that *facts essential to justify opposition may exist* but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due." (Italics added.)

Here, the complaint was filed on January 11, 2012. The motion for summary judgment was filed more than a year later on April 12, 2013. Appellants filed their opposition on May 20, 2013. The hearing on the motion was originally scheduled for June 3, 2013. At appellants' request, the hearing was continued to October 18, 2013. Prior to the October hearing, appellants' made a second request for a continuance, and the hearing was continued once again to February 7, 2014.

On January 30, 2014, one week before the continued February hearing, appellants' attorney submitted a supplemental declaration stating that Wells Fargo had delayed in producing discovery, the deposition of appellants' prior counsel had not been completed and the deposition of Wells Fargo employee Munoz had not been taken. But the declaration did not explain why appellants believed the facts they sought through the depositions actually existed, why these facts were essential to oppose the summary judgment motion, and why Munoz's deposition had not been taken in the two years since the complaint was filed. The declaration simply concluded that "additional information and testimony is still required in order to adequately respond to Defendant's Motion." This is insufficient. "Code of Civil Procedure section 437c, subdivision (h) requires more than a simple recital that 'facts essential to justify opposition may exist.' The affidavit or declaration in support of the continuance request must detail the specific facts that would show the existence of controverting evidence." (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 715.)

9

Accordingly, the trial court did not err in denying appellants' third request for a continuance of the hearing on the summary judgment motion.

## V. Leave to Amend Complaint

In their opening brief, appellants request leave to amend their complaint upon remand to allege causes of action for negligence, negligent misrepresentation, and promissory fraud. Appellants, however, cite no authority allowing them to pursue this procedure in the absence of a reversal of summary judgment. Instead, they simply state that since their complaint was filed in January 2012, "the intervening years have been a seminal period in the evolution of mortgage modification case law." They concede that recent cases are "refinements" and "extension[s]" of other cases dealing with torts in the mortgage context. Appellants' proposed causes of actions are not novel. Moreover, Wells Fargo has already disproved damages on summary judgment. The proven lack of damages is fatal to appellants' proposed claims.

## DISPOSITION

The summary judgment is affirmed. Wells Fargo is entitled to recover its costs on appeal.


_____, J.
        ASHMANN-GERST

We concur:


_____, P. J.
      BOREN


_____, J.
      HOFFSTADT

10

Filed 4/29/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ROBERT R. GRANADINO et al.,<br><br>    Plaintiffs and Appellants,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant and Respondent. | B256511<br><br>(Los Angeles County<br>Super. Ct. No. GC048748)<br><br>**ORDER MODIFYING OPINION<br>AND CERTIFYING OPINION<br>FOR PUBLICATION**<br><br>**[NO CHANGE IN JUDGMENT]** |

THE COURT:[*]

It is ordered that the opinion filed herein on April 14, 2015, be modified as follows:

On page 2, the second sentence of the first full paragraph, the word "clam" is changed to "claim" so the sentence reads:

> Appellants contend their claim is not barred by the statute of frauds, they raised triable issues of material fact on the elements of their claim, they should have been granted a third continuance of the hearing on the motion, and they should be given leave to amend their complaint.

There is no change in the judgment.

---

[*]    BOREN, P. J., ASHMANN-GERST, J., HOFFSTADT, J.

The opinion in the above-entitled matter filed on April 14, 2015, was not certified for publication in the Official Reports.

For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

**<u>CERTIFIED FOR PUBLICATION</u>.**

2