Filed 3/16/23  Aman v. Nationstar Mortgage CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| ABDUL WASSY AMAN, | B289755 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. Nos. KC067435, KC068745) |
| v. | |
| NATIONSTAR MORTGAGE LLC et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert A. Dukes, Judge.  Affirmed.

Law Office of Lotfy Mrich and Lotfy Mrich, for Plaintiff and Appellant.

Troutman Pepper Hamilton Sanders and Jared D. Bissell for Defendants and Respondents.

_____

Abdul Wassy Aman appeals from a judgment apparently entered in favor of defendants Nationstar Mortgage LLC (Nationstar), Aurora Loan Services LLC (Aurora), and Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Pass Through Certificates 2006-Q03 (Deutsche Bank) (collectively, the lenders),[1] after the trial court granted lenders' motion for summary judgment in its entirety. Although Aman's brief is difficult to decipher, he appears to claim that triable issues of fact exist as to his claims that Aurora failed to disclose material information and provide notice of assignment, that Aurora and Nationstar's failure to fulfill their promise to offer Aman a loan modification breached their implied covenant of good faith and fair dealing and amounted to promissory estoppel, and that Deutsche Bank lacked authority to foreclose due to several omissions and infirmities in the notice of default that Aman received. Aman also claims that the trial court abused its discretion when it denied him a continuance to conduct discovery as to Deutsche Bank. However, Aman has failed to show error because he has provided an inadequate record and briefing on appeal. As a result, we affirm.

## DISCUSSION

### A. We must affirm the judgment because of the inadequate record and appellant's brief

1. *The record*

On appeal, Aman has failed to include in the record the

---

[1] As we discuss in more detail below, the judgment is not included in the record. We therefore base this statement upon the case register and those materials available to us.

operative complaint(s),[2] the trial court's findings supporting its order granting the motion for summary judgment, and the judgment itself.  No reporter's transcript from any relevant appearances has been furnished.  There is no indication that these omissions were the product of inadvertence.  Aman's designation of the record requested that the judgment and a "[r]uling on" his "[n]otice of intention to move for new trial or motion to vacate the judgment, for judgment notwithstanding the verdict, or for reconsideration of an appealed order," among other documents, be included in the clerk's transcript.  Aman also checked certain boxes indicating that he intended to designate a reporter's transcript, but declined to list any proceedings for inclusion in the reporter's transcript.

Aman was thereafter informed that several of the items he designated were not in the court file and afforded an opportunity to provide them.  A supplemental clerk's transcript was then produced, but it does not contain the operative complaint(s), the trial court's summary judgment ruling, and the judgment.  Nonetheless, Aman filed his opening brief without addressing these missing materials, and lenders countered that these missing documents were integral to the disposition of this appeal.

---

[2]     The record contains two pages (pages 1 and 9) of what appears to be the operative complaint in case No. KC067435 (attached to Aman's opposition to lenders' motion for summary judgment), but those two isolated pages do not clarify the substance of Aman's claims.  Further, Deutsche Bank does not appear to have been a named defendant in that matter.

3

Aman has not filed a reply brief addressing these infirmities, nor has he moved to augment the record since the filing of lenders' brief.  (See Cal. Rules of Court, rule 8.155, (a)(1)(A) [at any time during an appeal, a party may move for an order that the record be augmented to include any document filed in the case in superior court].)  Because of Aman's failure to include crucial documents in the record, our apprehension of the relevant facts is limited.  We nonetheless summarize the following history from the materials available to us.

The case information register of actions reflects the following: in February 2015, Aman filed this mortgage foreclosure action against lenders.[3]  After three demurrers, Aman filed a fourth amended complaint.  In December 2017, lenders filed a motion for summary judgment.  In March 2018, a hearing was held on the motion for summary judgment and the motion was taken under submission.  The court thereafter issued a minute order granting lenders' motion for summary judgment, stating that the court's findings were reflected in a concurrently signed and filed ruling.  We do not know the extent to which the trial court adopted any of Aman's or lenders' arguments because the referenced ruling is not in the record.  Additionally, no reporter's transcripts (from the March 2018 hearing or otherwise) have been made available.  Judgment in favor of lenders was entered in April 2018.

---

[3]     The only register of actions made available to us is in case No. KC067435.  The register indicates that this matter was consolidated with KC068745 on July 24, 2017, but the record does not contain the pleadings in that matter or otherwise reflect the filing date of that action.

Aman timely appealed[4] from the judgment.[5]

2.     *Aman's brief*

Aman has filed one brief advancing several claims regarding the trial court's order granting summary judgment in favor of lenders.  It is difficult to ascertain the nature of Aman's action against lenders from Aman's brief, much less the arguments Aman is advancing on appeal.  Aman's brief consists of several typographical errors and is difficult to understand.  Although the brief contains some record citations, the record often does not support the fact asserted, and several points lack argument and citation of authority.

Although lenders point out the problems in Aman's opening brief, Aman has not filed a reply brief to address these problems.

---

[4]     The appeal was stayed from November 2019 to August 2022 due to Aurora's bankruptcy.

[5]     Aman's notice of appeal, which purports to appeal from a "[j]udgment after an order granting a summary judgment motion" in case No. KC067435, does not state the date of the order being appealed, nor reference the consolidated matter under case No. KC068745.  However, his designation of the record references the April 2018 judgment, and no other order reflected on the case register fits this description.  Further, the case register is clear that the two cases were consolidated.  Given the liberal construction we must afford notices of appeal and the lack of apparent prejudice to lenders (who have briefed the appeal on the merits), we construe the notice of appeal as encompassing the April 2018 judgment, which we presume encompasses the consolidated case.  (*Walker v. Los Angeles County Metropolitan Transp. Authority* (2005) 35 Cal.4th 15, 21.)

## B. Analysis

### 1. *The record is inadequate*

Because Aman has provided an inadequate appellate record, we are unable to review his contentions of error and must presume there was no error.  Based on the record before us, we are unable to give proper consideration to "all the evidence set forth in the moving and opposition papers" and unable to "determine with respect to each cause of action whether [Aman] has conclusively negated a necessary element of [lenders'] case, or has demonstrated that under no hypothesis is there a material issue of fact that requires the process of trial, such that [lenders are] entitled to judgment as a matter of law." (*Guz v. Bechtel National Inc.* (2000) 24 Cal.4th 317, 334 [describing standard of review for a motion granting summary judgment].)  Similarly, we cannot assess whether the trial court properly exercised its discretion in denying any continuance in the absence of a written decision or transcripts that might illuminate the reasons that the court exercised or declined to exercise its discretion. (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 714, 716 [denial of continuance of summary judgment reviewed for abuse of discretion].)

"[I]t is settled that: 'A judgment or order of the lower court is presumed correct.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be

6

affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; see also *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [where the defendants elected not to provide a reporter's transcript on appeal, rejecting their claim "because they failed to provide [the appellate] court with a record adequate to evaluate [their] contention"].)

As we further discuss *post*, Aman raises several alleged defects relating to the order granting lenders' summary judgment and the resulting judgment. However, by not including the complaint, the trial court's findings, and a copy of the resulting judgment in the record, Aman has rendered us unable to perform our appellate function. Indeed, as Aman recognizes, as a reviewing court faced with an appeal of this nature, our first task is to " 'identify the issues framed by the pleadings,' " but Aman has failed to furnish any of the pleadings necessary to perform that task. Likewise, without a reporter's transcript of the hearing on the summary judgment motion or an acceptable substitute (which would reflect the parties' arguments to the court and any factual concessions), Aman cannot meet his burden to show reversible error. In the absence of an adequate record, we must indulge all inferences to support the order being reviewed and presume the trial court properly concluded that no triable issues of material facts exist.

### 2.    *Aman's brief is inadequate*

Equally problematic is Aman's opening brief.  Although Aman provides citations for *some* of his arguments, the brief does not "support each point by argument and . . . by citation of authority," in violation of California Rules of Court, rule 8.204(a)(1)(B).  (See also *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 [appellant bears the burden of supporting a point with reasoned argument].)  For example, one of Aman's arguments—his claim that the trial court erroneously denied him a continuance—is merely a point heading without any body text explaining the alleged error.  And where Aman has provided argument, the argument lacks necessary context and/or contains typographical errors that further impede one's understanding of the point Aman is attempting to advance.  As such, Aman's brief also fails to provide a clear and concise explanation of the factual and procedural background of the case, in further violation of California Rules of Court, rule 8.204.  (See also *Dahms v. Downtown Pomona Property & Business Improvement Dist.* (2009) 174 Cal.App.4th 708, 719 [arguments must be "articulate[d] . . . in a manner that will make them susceptible of rational evaluation"].)

It is not our role to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.  When an appellant fails to raise a point, or asserts a point but fails to support it with reasoned argument and citations to authority, we treat the point as waived.  (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785.)  That rule is, for the foregoing reasons, directly applicable to Aman's brief.

## DISPOSITION

The judgment is affirmed.  Costs are awarded to Nationstar Mortgage LLC, Aurora Loan Services LLC, and Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc. Pass Through Certificates 2006-Q03.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


NGUYEN (KIM), J.*


We concur:



EDMON, P. J.



EGERTON, J.

---

\*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.