Filed 8/22/23  Castillo v. Walsh Construction Co. CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| IGNACIO CASTILLO,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>WALSH CONSTRUCTION COMPANY II, LLC,<br><br>        Defendant and Respondent. | A165149<br><br>(San Francisco County<br>Super. Ct. No. CGC-21-589434) |

In January 2021, plaintiff and appellant Ignacio Castillo (appellant) filed a complaint against defendant and respondent Walsh Construction Company II, LLC (respondent), alleging 18 causes of action claiming employment discrimination and retaliation, and wage and hour violations. Respondent deposed appellant in October and filed a motion for summary judgment on November 8.  The hearing on the motion was set for January 24, 2022, and appellant's opposition was due by January 10, 2022.

On January 10, 2022, appellant filed a two-page opposition to respondent's motion for summary judgment that did not address the motion on the merits.  Instead, appellant requested continuance of the motion under Code of Civil Procedure section 437c, subdivision (h) (section 437c(h)).  Accompanying the opposition was a declaration from one of appellant's attorneys setting forth the grounds for the continuance.  The declaration

1

averred that the parties had previously submitted a joint stipulation to continue the motion and trial;[1] that appellant had not delayed discovery; that appellant had noticed the depositions of two named employees of respondent for March 2022; that the depositions "are necessary to discover the information to justify Plaintiff's opposition to the Motion;" and that "[d]ue to continued [e]ffects of the COVID-19 pandemic," appellant's attorneys "could not schedule these depositions any earlier than 2022."

On January 24, 2022, the trial court denied the requested continuance and granted respondent's motion for summary judgment. On February 10, the court entered judgment in favor of respondent.

Section 437c(h) " 'mandates that the [trial] court grant a continuance of a hearing on a motion for summary judgment " ' "upon a good faith showing *by affidavit* that a continuance is needed to obtain facts essential to justify opposition to the motion." ' " ' " (*Lerma v. Cnty. of Orange* (2004) 120 Cal.App.4th 709, 714 (*Lerma*).) Section 437c(h) provides, "If it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just. The application to continue the motion to obtain necessary discovery may also be made by ex parte motion at any time on or before the date the opposition response to the motion is due."

[1] According to respondent, the December 21, 2021 stipulated motion to continue the trial and motion for summary judgment was not granted because the trial court's rules required an ex parte application. Appellant filed an ex parte application for a continuance on January 12, 2022, which was denied by the presiding judge.

2

Under section 437c(h), " 'The nonmoving party seeking a continuance "must show: (1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts. [Citations.]" [Citation.]' Generally speaking, the party seeking the continuance must 'provide supporting affidavits or declarations detailing facts that would establish the existence of controverting evidence ....' " (*Lerma, supra,* 120 Cal.App.4th at p. 715; accord, *Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 643 (*Chavez*).) "There is good reason for this more exacting requirement. The statute cannot be employed as a device to get an automatic continuance by every unprepared party who simply files a declaration stating that unspecified essential facts may exist. The party seeking the continuance must justify the need, by detailing both the particular essential facts that may exist and the specific reasons why they cannot then be presented." (*Lerma,* at pp. 715–716; accord, *Chavez,* at p. 643.)

The *Lerma* court held an affidavit insufficient to satisfy section 437c(h) where the party seeking continuance of a summary judgment motion was "nonspecific. The only thing before the court was the attorney's bald assertion that facts essential to justify opposition may have existed, but there was no clear statement as to what those facts may have been. [S]ection 437c[h] requires more than a simple recital that 'facts essential to justify opposition may exist.' The affidavit or declaration in support of the continuance request must detail the specific facts that would show the existence of controverting evidence." (*Lerma, supra,* 120 Cal.App.4th at p. 715; see also *Chavez, supra,* 238 Cal.App.4th at p. 643 [attorney "did not indicate what facts [a witness] might provide, nor why they might be essential"].)

3

The same reasoning applies in the present case. The attorney declaration that accompanied appellant's section 437c(h) request stated only that the depositions "are necessary to discover the information to justify Plaintiff's opposition to the Motion." Respondent argued the insufficiency of that showing in its brief on appeal, citing *Lerma* and other cases. In its reply brief, appellant's only response on the point was that it was "apparent on the face of Respondent's substantive declarations . . . there were issues as to whether Respondent indeed was without notice as to Appellant's disability." But, as explained above, appellant was obligated to "detail the specific facts that would show the existence of controverting evidence" in his "affidavit or declaration in support of the continuance request." (*Lerma, supra,* 120 Cal.App.4th at p. 715.) Appellant clearly failed to make the showing required for a mandatory continuance under section 437c(h).

Neither has appellant shown the trial court abused its discretion in concluding there was no good cause for a continuance.[2] (See *Lerma, supra,* 120 Cal.App.4th at p. 716 ["When a continuance of a summary judgment motion is not mandatory, because of a failure to meet the requirements of [] section 437c[h], the court must determine whether the party requesting the continuance has nonetheless established good cause therefor."].) The only justification presented to the court was the vague averment of one of appellant's attorneys that, "Due to continued [e]ffects of the COVID-19 pandemic, my office could not schedule these depositions any earlier than 2022." At the hearing on the motion for summary judgment, appellant's

---

[2] It is not clear appellant even makes this argument on appeal; instead, appellant argues there was good cause to continue trial, set for February 2022. But if the trial court properly granted summary judgment after denying continuance of the motion, it is irrelevant if the court erred in denying appellant's separate request to continue trial.

4

counsel clarified that she had taken over for a colleague who had caught COVID, with no other details. She also admitted appellant waited to depose the subject witnesses because the parties agreed to mediate. The trial court found appellant "had all kinds of time to do the discovery and you didn't do it."

Notably, this is not a case where the importance of the witnesses appellant sought to depose was self-evident. (Cf. *Chavez, supra,* 238 Cal.App.4th at pp. 643–644 ["It was apparent from the summary judgment briefing that [the witness] likely possesses unique knowledge regarding the primary dispute"].) Appellant argues "there were issues as to whether Respondent indeed was without notice as to Appellant's disability." Appellant asserts that respondent's moving papers made that clear, but the cited declaration simply avers to an absence of records documenting a request for disability accommodations, among a range of other averments about documents attached as exhibits to the declaration. That was far from sufficient to make clear that the depositions of the two listed employees were critical without any further explanation. The trial court was not obligated to guess what information appellant wanted from the witnesses, and the court had no basis to assume that those witnesses were the only source of evidence that appellant provided notice of his alleged disability to respondent. Furthermore, the trial court granted summary judgment on the ground that respondent "met [its] initial burden of showing the absence of any alleged disability," not based on lack of notice.

Appellant has failed to show the trial court abused its discretion in denying continuance of the motion for summary judgment. Appellant does not otherwise contend the trial court erred in granting the motion for summary judgment.

5

## DISPOSITION

The trial court's judgment is affirmed.  Costs on appeal are awarded to respondent.

_____
SIMONS, Acting P.J.

We concur.

_____
BURNS, J.

_____
CHOU, J.

(A165149)