**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

COMPASS BANK, DBA BBVA
Compass, an Alabama Banking
Corporation,

        Plaintiff-counter-
        defendant-Appellee,

  v.

MORRIS CERULLO WORLD
EVANGELISM, a California corporation,

        Defendant-counter-claimant-
        Appellant.

No.   15-56417

D.C. No.
3:13-cv-00654-BAS-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted March 6, 2017
Pasadena, California

Before: PREGERSON, PAEZ, and BERZON, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant Morris Cerullo World Evangelism ("the Ministry") appeals the district court's denial of its Rule 15(b)(2) motion to conform the pleadings to evidence, arguing that a claim for wrongful dishonor of a letter of credit under the California Commercial Code was raised by the pleadings and tried by the consent of the parties at trial. *See* Fed. R. Civ. P. 15(b)(2). The Ministry further argues it has proven that Plaintiff-Appellee Compass Bank wrongfully dishonored a letter of credit purportedly issued by the Bank and is thus liable to the Ministry for damages.[1]

We may assume, although the issue is disputed, that the parties properly raised a claim of wrongful dishonor or associated defenses in the pleadings or actually litigated such claims at trial. But a letter of credit must exist for a claim of wrongful dishonor to be adjudicated. *See* Cal. Com. Code §§ 5103, 5104, 5108(e). Here, the district court expressly decided "there is no actual letter of credit in this case," a conclusion which, if supported by the record, precludes relief on a wrongful dishonor claim or defense.

---

[1] The Ministry did not challenge the district court's denial of its breach of contract claim in its briefing before this court, although counsel for the Ministry maintained at oral argument that the ministry does contest that ruling. This court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). We decline to do so here.

The district court's finding that no letter of credit existed was not clear error. *See In re Lansford*, 822 F.2d 902, 904 (9th Cir. 1987). Jack Wilkinson, a vice president and retail manager of one of Compass Bank's branches, conspired with outside actors to prepare a document that purported to be a letter of credit issued by the Bank in favor of the Ministry. Compass Bank is not bound by Wilkinson's actions because Wilkinson had neither actual or ostensible authority to issue the instrument.

The record supports the district court's factual finding that the International Trade Services Department had sole authority to issue letters of credit on behalf of Compass Bank. As a branch manager, Wilkinson thus did not have actual authority to issue a letter of credit. The district court did not expressly address whether Wilkinson acted with ostensible authority when he purported to issue a letter of credit in favor of the Ministry on behalf of Compass Bank. The court did, however, in ruling on the Ministry's promissory estoppel claim, consider the relevant elements of ostensible authority under California law. "The elements necessary to fasten liability upon the principal [on an ostensible agency theory] closely resemble those which give rise to an estoppel." *House v. State of California*, 119 Cal. App. 3d 861, 875 (1981). In particular, liability under both promissory estoppel and ostensible authority theories requires justifiable reliance

3

by the third party.  *See Snukal v. Flightways Mfg., Inc.*, 23 Cal. 4th 754, 779 (2000); *Granadino v. Wells Fargo Bank, N.A.*, 236 Cal. App. 4th 411, 416 (2015), *as modified* (Apr. 29, 2015).

An agent acts with ostensible authority when a "principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess" that authority. Cal. Civ. Code § 2317.  A third party can only recover against a principal on an ostensible agency theory if they had "a reasonable belief in the agent's authority, such belief [was] generated by some act or neglect by the principal sought to be charged[,] and the person relying on the agent's apparent authority must not be negligent in holding that belief."  *Markow v. Rosner*, 3 Cal. App. 5th 1027, 1038 (2016), *review denied* (Jan. 11, 2017) (quoting *J.L. v. Children's Inst., Inc.*, 177 Cal. App. 4th 388, 403-04 (2009)); *see also* Cal. Civ. Code § 2334 ("A principal is bound by acts of his agent, under a merely ostensible authority, to those persons only who have in good faith, and without want of ordinary care, incurred a liability or parted with value, upon the faith thereof.").

In the context of promissory estoppel, the district court expressly found unreasonable the Ministry's reliance on Wilkinson's promise that the purported letter of credit was issued by Compass Bank and was valid and enforceable.  The

district court thus decided one of the elements of ostensible authority— reasonable reliance.

Reviewing this finding of fact for clear error, we affirm it. *See In re Lansford*, 822 F.2d at 904. Numerous indicia of fraud were or should have been evident to the Ministry with regard to the "confidential offering" and the proposed loan transaction. In fact, these indicia raised the suspicion of the Ministry's decision makers and led them to initially reject the loan transaction. In addition, the disputed instrument had many defects on its face, including inaccurate dates and names of parties, an outdated address for Compass Bank, and an incoherent reference to nonexistent bracketed text. The district court thus did not err in finding, in light of the numerous red flags associated with the transaction, that the Ministry did not act reasonably when it relied on Wilkinson's assurances.

The district court's review of the underlying transaction in determining that the Ministry unreasonably relied on Wilkinson's representations did not contravene the so-called independence principle, which provides that the "issuing bank's obligation created by the letter of credit is totally independent of the other contracts." *Murphy v. F.D.I.C.*, 38 F.3d 1490, 1502 (9th Cir. 1994) (quoting *Sound of Mkt. St., Inc. v. Cont'l Bank Int'l*, 819 F.2d 384, 388 (3d Cir. 1987)); *see also* Cal. Com. Code § 5103(d). The independence principle applies when a letter of

credit actually exists and there is a dispute about the issuer's and beneficiary's rights and obligations under the instrument. *See* Cal. Com. Code § 5103(a), (d). The independence principle has no place when making the threshold determination about whether a letter of credit exists, an inquiry which determines whether Article 5 of the Commercial Code, and the independence principle contained in Section 5103(d), even apply. *See* Cal. Com. Code § 5103(a) ("This division applies to letters of credit and to certain rights and obligations arising out of transactions involving letters of credit."); *cf. Bouzo v. Citibank, N.A.*, 96 F.3d 51, 57 (2d Cir. 1996) ("To be within the scope of Article 5, a letter of credit *issued by a bank* must either conspicuously state that it is a letter of credit or be conspicuously so entitled, or require a documentary draft or a documentary demand for payment.") (emphasis added) (internal quotation marks and alterations omitted) (citing N.Y.U.C.C. §§ 5-102(a)(1), 5-102(1)(c)).

Absent a valid letter of credit, any claim the Ministry could make for wrongful dishonor under the California Commercial Code cannot survive. We thus affirm the district court's denial of the Ministry's Rule 15(b) motion to conform the pleadings to the evidence in this case, as any such amendment would be futile.

**AFFIRMED.**