[Civ. No. 33618. First Dist., Div. Three. Jan. 9, 1975.]

THE STATE OF CALIFORNIA, Plaintiff and Respondent, v.
HASLETT COMPANY et al., Defendants and Appellants.

[Civ. No. 33619. First Dist., Div. Three. Jan. 9, 1975.]

ROBERT L. ABBOTT, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

254

COUNSEL

Neil Boorstyn, James Martin MacInnis, Conrad Donner and Stephen Zalkind for Defendants and Appellants and for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Dennis M. Eagan, Deputy Attorney General, for Plaintiff and Respondent and for Defendants and Respondents.

OPINION

BROWN (H. C.), J.—The State of California (State) is the respondent in two actions which have been consolidated on this appeal. In one action (1 Civil 33618), the State filed a complaint for unlawful detainer against Warehouse Investment Company, Haslett Company and Robert L. Abbott. This action resulted in the grant of a summary judgment to the State. The other action (1 Civil 33619) was filed on behalf of plaintiffs Warehouse Investment Company, Haslett Company and Robert L. Abbott against the State of California. The plaintiffs sought injunctive relief and specific enforcement of a purported oral agreement between the State and plaintiffs to lease a certain commercial and office building located at 680 Beach Street in San Francisco and hereinafter referred to as the Haslett Warehouse. A demurrer was sustained to this action without leave to amend.

The State has moved to dismiss both appeals, 1 Civil 33618 on the ground that a timely notice of appeal was not filed and 1 Civil 33619 on the ground that the appeal was not authorized by Warehouse Investment Company and Haslett Company. We deferred decisions on the motions for determination after oral argument.

We conclude that the notice of appeal in 1 Civil 33618 was timely under rule 3(b), a motion to vacate having been filed thereunder. In the motion to vacate, appellant had argued that a continuance granted to prepare opposition to the State's motion for summary judgment had not been long enough and respondent now argues that a motion to vacate does not lie for review of a court's previous decision where no new facts or circumstances are alleged. New facts or circumstances are inevitably present in this situation, however, where the prejudice, or lack of it, from an inadequate continuance becomes known as the cause is concluded.

A notice of appeal in 1 Civil 33619 was taken by Robert L. Abbott in the name of all plaintiffs. Since it is clear that Haslett Company and Warehouse Investment Company did not authorize an appeal, and do not wish to pursue an appeal, we consider the appeal in 1 Civil 33619 only as the appeal of Robert L. Abbott.

The State originally acquired the Haslett Warehouse in 1963 by condemnation in order to convert it into a part of the San Francisco Maritime State Historic Park. The State was not able to put the warehouse to use immediately and the Haslett Company and its subtenants stayed on under oral leases until June 30, 1966, when Haslett Company was given a written lease of five years, terminating June 30, 1971.

Appellant Robert Abbott had become a subtenant in the warehouse prior to June 30, 1966. In his declaration in opposition to respondent's motion for summary judgment, appellant declares that he is the person primarily responsible for a development project now known as Wharf-side by which Haslett Company, Warehouse Investment Company and himself had joined to remodel the building as a commercial bazaar-type enterprise. ▮▮▮ Appellant Abbott contends that over a five-year period, from the summer of 1966 to July 1971, State representatives made oral representations that, if the joint venture developed the warehouse, the State would subsequently grant the joint venture leasehold interests of a term or terms sufficient to enable the venture to recover their investment, together with a fair return. Abbott states that the joint venture, in reliance on these representations, undertook extensive remodeling on behalf of new tenants, and that the fair market value of the improvements which have been made in reliance exceed $2 million.

Contrary to the facts in Abbott's declarations, the State's position is that no oral promises were made. The Haslett Company agreed that no

commitments were made to them by the State for the period subsequent to June 30, 1971. Their position was that they claimed no leasehold interests after June 30, 1971, and did not want to be bound by holdover.

The purported agreement was not in writing and was violative of section 1624, subdivision 4, of the Civil Code (an agreement for leasing for a period in excess of one year). The agreement also was not approved as provided in section 11005.2 of the Government Code (requiring all agreements pertaining to an interest of the State in real property to be approved by the Director of General Services). Appellant, however, claims that having expended substantial sums relying on the oral agreement, the State should be estopped to present the defenses and that the State should be compelled to specifically perform the oral agreement.

■ The existence of an estoppel is generally a question of fact involving the establishment of several factual requirements. (*Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].) The question is appropriate for summary judgment however, as well as for a judgment at the pleading stage if, assuming all factual requirements have been met, no estoppel could exist as a matter of law. (See *Pettitt* v. *City of Fresno* (1973) 34 Cal.App.3d 813, 818-819 [110 Cal.Rptr. 262].) ■ We shall assume therefore that state officers orally promised that they would negotiate for a long-term lease and that appellants relying upon said promise expended substantial sums of money improving the subject property.

It is now well recognized that in unusual cases estoppel may be applied against the government. ■ "The government may be bound by an equitable estoppel in the same manner as a private party when the elements requisite to such an estoppel against a private party are present and, in the considered view of a court of equity, the injustice which would result from a failure to uphold an estoppel is of sufficient dimension to justify any effect upon public interest or policy which would result from the raising of an estoppel." (*City of Long Beach* v. *Mansell* (1970) 3 Cal.3d 462, 496-497 [91 Cal.Rptr. 23, 476 P.2d 423].)

The rule articulated in *Mansell* has been applied since that decision in cases relevant to assessing the public significance of raising an estoppel in the case at hand. In *Pettitt* v. *City of Fresno, supra,* 34 Cal.App.3d 813, for example, the court concluded as a matter of law that an estoppel could not be raised to render valid a permit issued in violation of a zoning ordinance because the public policy in preserving the community

patterns was one of a vital public interest. In *Crumpler* v. *Board of Administration* (1973) 32 Cal.App.3d 567 [ 108 Cal.Rptr. 293], the court found no public interest which would be adversely affected by applying estoppel to preclude a *retroactive* reclassification of certain employees. However, estoppel was not available to preclude prospective reclassification which would have "a disruptive effect on the administration of the retirement system." (32 Cal.App.3d at p. 584.)

In *Santa Monica Unified Sch. Dist.* v. *Persh* (1970) 5 Cal.App.3d 945 [85 Cal.Rptr. 463], *petition for hearing denied*, an official for the school district made a written offer to purchase property which the owner accepted in writing. The written offer was orally affirmed but not ratified or approved by the board as required by Education Code sections 1002.5 and 15961. The board then refused to purchase the property, having decided to abandon the eminent domain proceedings which had been the basis for the offer. Although decided before *Mansell,* the court was consistent with the rule set forth in *Mansell* when it refused to raise an estoppel against the school district. The court recognized the adverse effect upon the public interest in any device which would promote secrecy in public affairs. "If the cited sections of the Education Code demonstrate anything, they demonstrate a legislative intention that such major decisions of school boards as the purchase of school sites should be open and subject to public scrutiny." (5 Cal.App.3d at p. 953.) Also relevant to the situation at hand is the court's comment that "[p]ersons dealing with a school district are chargeable with notice of limitations on its power to contract." (5 Cal.App.3d at p. 952.)

In the instant case, the basic protection of the statute of frauds (Civ. Code, § 1624, subd. 4) would be thwarted should an estoppel be raised since appellant seeks to enforce an oral agreement to grant a lease for a period over one year. (See *Space Properties, Inc.* v. *Tool Research Co.* (1962) 203 Cal.App.2d 819, 826 [22 Cal.Rptr. 166].) The statutory requirements of Government Code sections 11005.2 and 14608 which require written approval would be evaded by "a bare oral promise" as in *County of San Diego* v. *Cal. Water etc. Co.* (1947) 30 Cal.2d 817 [186 P.2d 124, 175 A.L.R. 747]. The statutory requirement of independent written approval of the Director of General Services protects the public from improvident or secret action as does the requirement of ratification in *Persh.* Furthermore, the only authority in the Department of General Services for a lease of this property is contained in Government Code section 14670, providing for leases of state property for up to five years.

For the above reasons, it is concluded that an estoppel may not be raised to render effective an oral promise to enter into a lease agreement in this case. This conclusion makes it unnecessary to discuss the various contentions by which the State seeks to convince this court that one or another of the elements of an estoppel have been resolved adversely to appellant by the affidavits and pleadings.

Motions to dismiss the appeals are denied.

The judgments are affirmed.

Draper, P. J., and Good, J.,* concurred.

The petition of appellant Abbott for a hearing by the Supreme Court was denied March 6, 1975.

---

*Retired judge of the superior court, sitting under assignment by the Chairman of the Judicial Council.