[No. A036894. First Dist., Div. Two. Oct. 19, 1987.]

AMERICAN CONTINENTAL INSURANCE COMPANY, Plaintiff and Respondent, v.
C & Z TIMBER COMPANY, INC., Defendant and Appellant.

## COUNSEL

William F. Barnum, David E. Martinek and Dun, Barnum & Arkley for Defendant and Appellant.

Michelle M. Campbell and Benton, Orr, Duval & Buckingham for Plaintiff and Respondent.

## OPINION

BENSON, J.—Appellant C & Z Timber Co., Inc., appeals from a judgment entered after the granting of summary judgment in favor of respondent American Continental Insurance Company. The trial court granted summary judgment on the first cause of action of respondent's complaint for declaratory relief. The trial court ruled as a matter of law that respondent was entitled to the benefit of an exclusionary clause contained in

an insurance policy issued by it, allowing it to escape indemnifying appellant, its insured. For the reasons stated below, we affirm the judgment.

Respondent filed this declaratory relief action on August 13, 1985, seeking to establish that it was not obligated under its policy to cover the property damage loss to an aircraft which crashed on January 30, 1985.

Respondent's complaint set forth eight causes of action for declaratory relief each asserting a separate policy exclusion as a reason for denial of coverage. Respondent's first cause of action sought relief on the grounds that the policy excluded coverage for flights for which a charge was made and that the plane had been carrying a paying passenger at the time of the crash. Appellant's answer to the complaint contains a general denial and raises five affirmative defenses based on a theory of estoppel.[1]

The aircraft involved in this action was a Helio Courier 295. This type of aircraft is commonly known as a "tail dragger," capable of flying at low altitudes at relatively low speeds, and capable of short landings and takeoffs. The airplane was piloted at the time of the crash by Dean Merrick, a defendant below. Merrick is not a party to this appeal. The airplane was owned by appellant C & Z Timber Company, Inc. C & Z is owned by Zachary Peltier. At the time of the crash, Peltier was an officer and 50 percent shareholder of C & Z.

Peltier had obtained insurance coverage for the airplane from respondent American Continental Insurance Company (ACI) through Pik*West Insurance Agency of Simi Valley, California. The insurance policy contained a pilot clause endorsement detailing certain qualifications to be held by those persons piloting the plane requisite to coverage under the policy. The pilot

---

[1] Appellant raised the following affirmative defenses in its answer: "1. Plaintiff is estopped from denying coverage on the policy, because of failure to investigate the qualifications of Dean Merrick prior to including him on the 'Pilot Clause endorsement.' But for plaintiff's agreement to insure the actions of Mr. Merrick, defendant C & Z Timber Company, Inc. would not have delivered the possession of the plane to him.

"2. Plaintiff is estopped from denying coverage under the policy, because it knew its coverage of Merrick's action was a condition precedent to delivery of the airplane to Merrick. Plaintiff had actual notice that defendant C & Z Timber Company, Inc., was relying on its determination of whether to insure Merrick's actions in determining whether to deliver the airplane to Merrick.

"3. Plaintiff is estopped from denying coverage of defendant's claims based upon Merrick's qualifications as a pilot, because of failure to investigate them.

"4. By failing to investigate Merrick's qualifications as a pilot, plaintiff assumed the risk, under the circumstances, that Merrick would damage the airplane.

"5. Plaintiff negligently failed to investigate Merrick's qualifications as a pilot prior to agreeing to insure his actions."

clause endorsement also named those persons to be covered under the policy while piloting the plane.[2]

Toward the end of 1984, Peltier decided to sell the airplane. Appellant asserted that it was Peltier's intention to turn it over to a third party who would take possession of it and sell it on a commission basis. Appellant alleged that Peltier had discussed such an arrangement with Merrick, and that, in reliance on Pik*West's assurance that Merrick would be covered under the existing policy, Peltier eventually turned the plane over to him. According to appellant, the arrangement was that Merrick would take possession of the plane and fly it as a demonstration model while attempting to find a buyer. Upon the sale of the plane, Merrick was to receive a commission.

The subject crash occurred on takeoff from Pearce Field, Lower Lake, Lake County. At the time of the crash, the plane was carrying persons in addition to Merrick, the pilot. Yolanda Theresa was on board, apparently acting as co-pilot, along with Jan B. Willis, who was a paying passenger. There were no fatalities or personal injuries.

Willis had chartered the airplane for a business trip from Clearlake, Lake County, to Sacramento. Willis agreed to pay Merrick $90 for the service. Willis's employer, American Line Builders, Inc., was to pay the bill. Willis had previously chartered other flights with Merrick as the pilot. Each time, American Line Builders paid for the service.

The policy contained the following exclusion: "PURPOSE(S) OF USE: The aircraft will be used for the purpose(s) indicated by 'X'

"X (a) 'Pleasure and Business' The term 'Pleasure and Business' is defined as Personal and Pleasure use and use in direct connection with the insured's business, excluding any operation for which a charge is made."

Respondent's motion for summary judgment addressed only the first cause of action in its complaint, reasoning that a successful summary

---

[2] The pilot clause endorsement provides that: "Only the following pilot(s) holding valid and effective pilot and medical certificates with ratings as required by the Federal Aviation Administration for the flight involved will operate the aircraft in flight:

"Zachary Peltier, a Private, Instrument rated Pilot.

"Gary Jestice, an Airline Transport, Multi-Engine rated Pilot and Certified Flight Instructor.

"A. Dean Merrick, a Private, Instrument rated Pilot.

"Or any Private or Commercial Pilot who has flown 1000 total logged hours including 250 hours in an aircraft equipped with conventional landing gear and 25 hours in the same make and model as the insured aircraft."

judgment in that cause of action would render the remaining seven causes of action moot. The first cause of action is directed to the "Purposes of Use" exclusion. Respondent argued in its motion for summary judgment that because Merrick had a paying passenger on board at the time of the crash, coverage under the policy was properly excluded and thus respondent had no liability regarding the payment of damages.

Appellant's affirmative defenses were based on estoppel or assumption of risk. In essence, appellant argued that respondent was estopped to deny liability under the exclusionary clause. Appellant asserted that it had relied upon Pik*West's inclusion of Merrick as a qualified pilot in the pilot clause endorsement in delivering the plane into his possession.

Appellant claimed that Merrick had represented to Pik*West that he was qualified to fly the plane. Appellant reasoned that had Pik*West investigated Merrick's qualifications as a pilot, it would have discovered that Merrick in fact did not have the requisite qualifications as detailed in the pilot clause endorsement. Had Pik*West investigated Merrick's qualifications, appellant argued, it would not have included Merrick on the policy, and thus Peltier would not have given him possession of the plane. Without possession of the plane, Merrick would not have had the opportunity to crash it during charter operations. Appellant thus argued that the failure to investigate was the proximate cause of the loss.

At this juncture we observe that appellant's memorandum in opposition to the summary judgment motion makes various assertions as to the existence of facts and the occurrence of events. Appellant failed, however, to support any of these assertions by filing declarations or affidavits in support of its opposition. Appellant repeats these assertions in its opening brief in support of its arguments on appeal. Even though these assertions have not been disputed by respondent, they are nevertheless not properly before this court as admissible evidence.

The trial court heard oral argument on respondent's motion on October 6, 1986, and granted summary judgment in its favor by order filed on October 14, 1986. Judgment was entered on the same date. Appellant filed a timely notice of appeal.

 Appellant argues on appeal that summary judgment was inappropriately granted in that material, triable issues of fact remain to be adjudicated and that adjudication of all material facts would not, in any event, entitle respondent to summary judgment. In particular, Appellant argues that 1) respondent failed to address or disprove any of its affirmative

defenses as raised by its answer; and that 2) summary judgment should not have been granted in this case because it did not have the opportunity to conduct any discovery of its own.

We look first to appellant's assertion that respondent is estopped to deny coverage under the exclusionary clause due to respondent's breach of an alleged duty to investigate Merrick's qualifications as a pilot before including him on the policy.

■ It is fundamental that "[a] summary judgment motion shall not be granted unless all of the papers submitted show there is no triable issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (*George* v. *Goshgarian* (1983) 139 Cal.App.3d 856, 863 [189 Cal.Rptr. 94].) It is also the rule that the existence of an estoppel is generally a question of fact involving the establishment of several factual requirements. (*State of California* v. *Haslett Co.* (1975) 45 Cal.App.3d 252, 256 [119 Cal.Rptr. 78]; *Driscoll* v. *City of Los Angeles* (1967) 67 Cal.2d 297, 305 [61 Cal.Rptr. 661, 431 P.2d 245].) Such a question is appropriate for summary adjudication, however, where no estoppel could exist as a matter of law. (*State of California* v. *Haslett Co., supra,* 45 Cal.App.3d at p. 256; *Pettitt* v. *City of Fresno* (1973) 34 Cal.App.3d 813, 818-819 [110 Cal.Rptr. 262].)

■ In the case at hand, estoppel is inapplicable as a matter of law for it is clear that respondent owed no duty to appellant to investigate Merrick's qualifications as a pilot. (*Fireman's Fund Ins. Co.* v. *Superior Court* (1977) 75 Cal.App.3d 627 [142 Cal.Rptr. 249].)

*Fireman's Fund* involved a situation closely analogous to the case before us. Plaintiffs there brought an action against the insurers of a student pilot for personal injuries arising from an airplane crash. The pilot had been in the process of purchasing the plane under a lease-purchase agreement. The agreement gave the seller the right to repossess the plane if insurance was not maintained by the pilot. Coverage under the policy was precluded where the pilot lacked a private pilot's license. The pilot held only a student pilot's certificate. Plaintiffs contended that the defendant insurers were liable on the theory that, had they investigated the pilot's qualifications, they would not have issued the policy and the plane would have been repossessed by the seller. If the plane had been repossessed, plaintiffs reasoned, the crash would not have occurred. The Court of Appeal held that the insurers were under no affirmative duty to investigate the pilot's qualifications absent a showing of participation by the insurer in the conduct resulting in the injury.

In reaching its decision the *Fireman's Fund* court was called upon to analyze and contrast the holding of our Supreme Court in *Barrera* v. *State Farm Mut. Automobile Ins. Co.* (1969) 71 Cal.2d 659 [79 Cal.Rptr. 106, 456 P.2d 674]. *Barrera* held that an "automobile liability insurer must undertake a reasonable investigation of the insured's insurability within a reasonable period of time from the acceptance of the application and the issuance of a policy." The court found this duty of investigation inuring to the benefit of the third persons injured by the insured. It concluded that where the injured party obtained an unsatisfied judgment against the insurer an action directly against the insured was permissible and the latter could not then successfully defend upon the ground of its own failure to reasonably investigate the insured's insurability. (*Id.* at p. 663.)

The duty imposed on the automobile insurer in *Barrera* was compelled by statutory public policy considerations emanating from the automobile Financial Responsibility Law. (*Id.* at pp. 667-668; *Fireman's Fund Ins. Co.* v. *Superior Court, supra,* 75 Cal.App.3d at p. 637.) The court in *Fireman's Fund* distinguished *Barrera,* concluding that "[A] careful reading of *Barrera* and later kindred decisions compels the conclusion that the duty defined in *Barrera* must in any event be limited to automobile liability insurers who deny coverage for reasons arising out of their own negligence." (*Fireman's Fund Ins. Co.* v. *Superior Court, supra,* 75 Cal.App.3d at p. 633.)

In reaching this conclusion, the *Fireman's Fund* court found that the Uniform Aircraft Financial Responsibility Act did not embody all of the same public policy considerations as does the Automobile Financial Responsibility Law. (*National Ins. Underwriters* v. *Carter* (1976) 17 Cal.3d 380 [131 Cal.Rptr. 42, 551 P.2d 362].) Thus, the court concluded that statutory public policy does not mandate the imposition of a duty to investigate on aircraft insurers. The court further found that no common law duty to investigate exists. The court also emphasized that the insurer did not have any "extensive involvement" in the conduct causing the alleged injuries. (*Fireman's Fund Ins. Co.* v. *Superior Court, supra,* 75 Cal.App.3d at pp. 637-638.)

Appellant argues that in this case, unlike *Fireman's Fund,* respondent was in fact "extensively involved in the conduct which resulted in injury." We disagree. Appellant asserts, without evidentiary support, that Peltier relied upon Pik*West's careful underwriting practices in giving Merrick possession of the plane. Appellant also claims that Peltier told Pik*West that he did not believe Merrick was qualified and that he would not give possession of the plane to any pilot not fully qualified and covered under the

existing policy. Appellant makes no claim that Pik*West was in any way directly involved in the crash.

The conduct which resulted in appellant's loss, however, was Merrick's *crashing of the plane,* not respondent's decision to cover Merrick under the policy. Appellant's allegations as to respondent's involvement, assuming they were properly before this court as admissible evidence, establish only that Pik*West may have exercised poor judgment in deciding to insure Merrick. The exercise of poor judgment in insuring a bad risk, however, does not establish a duty to an insured. (*Matthias* v. *United Pacific Ins. Co.* (1968) 260 Cal.App.2d 752, 753 [67 Cal.Rptr. 511].)

We conclude, as did the court in *Fireman's Fund* that "Given the lack of any statutory duty (*National Ins. Underwriters* v. *Carter, supra,* 17 Cal.3d 380), the absence of any common law duty (*Nipper* v. *California Auto Assigned Risk Plan* [(1977) 19 Cal.3d 35 (136 Cal.Rptr. 854, 560 P.2d 743)]), and the lack of participation in the conduct causing the injury (*Connor* v. *Great Western Savings & Loan Assn.* [(1968) 69 Cal.2d 850 (73 Cal.Rptr. 369, 447 P.2d 609, 39 A.L.R.3d 224)]) . . . the duty allegedly breached . . . is not legally cognizable." (*Fireman's Fund Ins. Co.* v. *Superior Court, supra,* 75 Cal.App.3d at p. 638.)

██ ██ ██ ██ ██ Since respondent owed no duty to investigate Merrick's qualifications as a matter of law, and because its exclusion was otherwise enforceable,[3] respondent cannot be estopped from enforcing the exclusionary clause on that ground. Because respondent cannot be estopped to deny coverage under the exclusionary clause, there can be no triable issue of fact as to the defense of estoppel. Therefore, respondent was under no obligation to "disprove" appellant's affirmative defenses of estoppel, and thus summary judgment was properly granted as to that issue.

Appellant also argues that summary judgment was improperly granted on the ground that it did not have the opportunity to conduct any discovery of its own. Appellant failed, however, to properly raise the issue below. Furthermore, to the extent that discovery would be necessary to develop

---

[3] We note here the general rule that " 'an insurance company has the right to limit the coverage of a policy issued by it and when it has done so, the plain language of the limitation must be respected.' " (*Fireman's Fund Ins. Co.* v. *Fibreboard Corp.* (1986) 182 Cal.App.3d 462, 466 [227 Cal.Rptr. 203].) Furthermore, the lack of causal connection between the excluded activity and the loss does not render the exclusion unenforceable. (*National Union Fire Ins. Co.* v. *Estate of Meyer* (1987) 192 Cal.App.3d 866, 872 [237 Cal.Rptr. 632].)

issues that were not raised below, appellant's request for more time for discovery is inappropriate.

Code of Civil Procedure section 437c, subdivision (h), provides that "[i]f it appears from the affidavits submitted in opposition to a motion for summary judgment . . . that facts essential to justify opposition may exist but cannot, for reasons stated, then be presented, the court shall deny the motion, or order a continuance to permit affidavits to be obtained or discovery to be had or may make any other order as may be just."

██ " 'Generally, power to determine when a continuance should be granted is within the discretion of the court, and there is no right to a continuance as a matter of law. [Citation.] However, Code of Civil Procedure section 437c mandates a continuance of a summary judgment hearing upon a good faith showing *by affidavit* that a continuance is needed to obtain facts essential to justify opposition to the motion.' " (Italics added.) (*Nazar* v. Rodeffer (1986) 184 Cal.App.3d 546, 556-557 [229 Cal.Rptr. 209]; *Fisher* v. *Larsen* (1982) 138 Cal.App.3d 627, 648 [188 Cal.Rptr. 216].)

We note first that appellant failed to properly raise the issue below as to its need for more time for discovery. The code section specifically requires a good faith showing by affidavit. It is not enough to merely raise the issue in the opposition memorandum. (See, e.g., Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (TRG 1986) § 10:109.8.)

Appellant alleged in conclusory terms in its memorandum only that "much discovery remains to be done in this matter." Appellant failed to provide supporting affidavits or declarations detailing facts that would establish the existence of controverting evidence, and the reasons why such evidence could not be presented at the time of the hearing. (See, e.g., Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra.*) Thus, appellant failed to show, either by affidavit or otherwise, that discovery was necessary to oppose the motion. (See *Fisher* v. *Larsen, supra,* 138 Cal.App.3d at p. 648, fn. 18; *Vanderbilt Growth Fund, Inc.* v. *Superior Court* (1980) 105 Cal.App.3d 628, 638 [164 Cal.Rptr. 621].)

We also note that appellant had over one year from the filing of respondent's complaint until the filing of the summary judgment motion in which to conduct discovery. Appellant has admitted that it had conducted no discovery during this time, but fails to offer any explanation. Thus, it

would not be unreasonable for a trial court to conclude that the issue was not a matter of lack of time in which to discover evidence, but that such evidence did not in fact exist. (*Vanderbilt Growth Fund, Inc.* v. *Superior Court, supra,* 105 Cal.App.3d 628; see also *Hoffman* v. *Sports Car Club of America* (1986) 180 Cal.App.3d 119, 127 [225 Cal.Rptr. 359].)

In any event, to the extent that discovery is necessary to develop issues not raised below, appellant cannot raise those issues for the first time on appeal and thus deny effect to an unfavorable ruling by the trial court on a summary judgment motion properly before it.

Appellant alleges that discovery was needed to develop the potential defense that the flight in question was not for hire, but that it was one in which expenses were to be shared. Appellant likewise argues that discovery is necessary to show that the flight was improperly excluded under the policy because Merrick told Peltier that Willis was a prospective customer. Appellant had not, however, raised these issues below in the trial court. Appellant cannot raise them now, for the first time, on appeal.

■ Generally, the rules relating to the scope of appellate review apply to appellate review of summary judgments. (2 Cal. Civil Procedure Before Trial (Cont.Ed.Bar 1978) § 29.85, p. 319.) An argument or theory will generally not be considered if it is raised for the first time on appeal. (*G & D Holland Construction* v. *City of Marysville* (1970) 12 Cal.App.3d 989, 996-997 [91 Cal.Rptr. 227].) Specifically, in reviewing a summary judgment, the appellate court must consider only those facts before the trial court, disregarding any new allegations on appeal. (*Estate of Coate* (1979) 98 Cal.App.3d 982, 986 [159 Cal.Rptr. 794].) Thus, possible theories that were not fully developed or factually presented to the trial court cannot create a "triable issue" on appeal. (See, e.g. *National Indemnity Co.* v. *Manley* (1975) 53 Cal.App.3d 126, 133-134 [125 Cal.Rptr. 513]; *Cullincini* v. *Deming* (1975) 53 Cal.App.3d 908, 914-915 [126 Cal.Rptr. 427].)

■ Our holding in this regard is grounded in fairness to the moving party in a summary judgment situation. The moving party's burden on a motion for summary judgment is only to "negate the existence of triable issues of fact in a fashion that [entitles] it to judgment on the issues raised by the pleadings. [Citation.] It [is] not required to refute liability on some theoretical possibility not included in the pleadings." (*IT Corp.* v. *Superior Court* (1978) 83 Cal.App.3d 443, 451-452 [147 Cal.Rptr. 828].)

The judgment is affirmed.

Kline, P. J., and Rouse, J., concurred.