Filed 6/30/21  Hoang v. Country Community Assn. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| NAM NEIL HOANG, | |
| Plaintiff and Appellant, | G058780 |
| v. | (Super. Ct. No. 30-2018-01021633) |
| COUNTRY COMMUNITY ASSOCIATION et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Glenn R. Salter, Judge.  Reversed and remanded.

Nam Neil Hoang, in pro. per., for Plaintiff and Appellant.

Pyka Lenhardt Schnaider Dawkins and Fred S. Peters for Defendants and Respondents.

\*          \*          \*

This is an appeal from a judgment of dismissal of plaintiff Nam Neil Hoang's second amended complaint against Country Community Association (the Association) and various other individuals and entities, including the Board of Directors (collectively defendants). Hoang represents himself in this appeal, as he did in the trial court. His papers are, unfortunately, extremely difficult to read and to parse, but we shall do our best. From the record, it appears that this is the second case Hoang filed against defendants. The first was dismissed with prejudice, and defendants argue this is an attempt to relitigate the same facts and issues without stating a cognizable claim.

If this appeal was from a judgment of dismissal following a sustained demurrer to the most recent complaint, we would probably have no trouble affirming. That is not the case, however. The trial court dismissed the case because Hoang had purportedly failed to timely file a second amended complaint. This was incorrect, as defendants later admitted. After Hoang filed his notice of appeal, the trial court recognized the error and stated its decision to dismiss had been improvidently granted, but the court lacked jurisdiction at that time to remedy the issue. We agree the dismissal was in error, and the record requires that we reverse and remand the judgment.

I

FACTS

Hoang filed his first amended complaint in his first case against the Association and other defendants in December 2017 (the first lawsuit). While the first lawsuit purported to allege seven causes of action, these were not separately pleaded. Instead, the complaint stated the facts discussed below and made numerous "requests" of the court.

Hoang alleged the Association cut down two trees on his property without authorization in April 2007. According to Hoang, the dispute over the trees led to a purported settlement in which Hoang agreed to drop his demand for $500,000 in damages

2

in exchange for the Association's promise that he would not have to pay Association dues for as long as he owned the house. There is no documentation of this agreement. Hoang alleged he did not receive a statement from the Association for "many years," but received one on January 1, 2015 showing that he owed $130. Hoang alleged he tried to explain the situation to the then-current Board of Directors in 2016, both verbally and in writing. He alleged his balance as of the time he filed the complaint was $7,774. At some point, the house went into foreclosure, a notice of default was issued, and an auction date was set.

Hoang then requested relief from the court, including issuing the following orders to defendants: to remove the notice of default, to pay for the trees that had allegedly been removed in 2007, to stop trespassing and harassing him, to release and disclose all documents related to this matter, to clear and clean his credit, to pay all court fees, and to direct the then-current Board of Directors to resign and be prevented from serving again for their lifetime. He also asked the court to stop the sale of his house.

In April 2018, the court sustained defendants' demurrer to the first amended complaint with 20 days leave to amend. Hoang did not file an amended complaint or appear at the hearing. As a result, that lawsuit was dismissed with prejudice in June 2018. In addition to failing to file an amended complaint, the court stated: "[P]laintiff has not provided any facts at any time that show he could allege facts that likely would state a cause of action against these defendants." The order to dismiss was entered on June 28, 2018.

In September 2018, Hoang filed an initial complaint in the current lawsuit (the second lawsuit). He named the same Association and Board of Directors defendants, as well as naming the party who purchased his home at auction and the primary attorney who represented the Association during the foreclosure process.

3

On May 29, 2019, he filed a first amended complaint with approximately 100 pages of exhibits.[1] The first amended complaint attempted to plead some new causes of action reflecting that the house had been sold at auction on June 6, 2018. The first amended complaint also reflected that at least some of the time, the house was used as a rental property.

Like the complaint in the first lawsuit, while Hoang purported to state multiple causes of action, they were not pleaded separately. The causes of action stated in the caption of the complaint are as follows: "1- Improper Forclosure [sic]. [¶] 2- [Notice of Default] . . . Recorded in Error. [¶] 3- Invalid Notice of Trustee Sale . . . Property Nonjudicial Sold 6/6/2018. [¶] 4- Fraud, Deception, Harassment, Trespassing, Vandalism, Conceal and Unfair Dealing. [¶] 5- Breach Agreed Contract. The Contract is 'No Association Fee.' [¶] 6- Cause Bad Credit Report, Lost Bussiness [sic] Opportunities, Medical Cost, and Lost Time at Work. [¶] 7- Lost Low Property Tax. [¶] 8- Lost Rental Income. [¶] 9- Resident Property Nonjudicial Sold 6/6/2018 While [first lawsuit] and Refinance Are Still In Progress." (Capitalization omitted.)

In August 2019, defendants filed a demurrer to the amended complaint, arguing that Hoang's causes of action were barred by res judicata and that each cause of action failed to state sufficient facts to proceed. The demurrer was accompanied by

---

[1] Some of these exhibits, while not strictly relevant to this appeal, shed useful light on the surrounding circumstances. The Association recorded a notice of delinquent assessment on September 19, 2016. At the time, the Association claimed Hoang owed assessments from December 31, 2014 to August 1, 2015, a total of $2,730, plus other fees of about $500. Hoang included several invoices from the Association between those dates, addressed to him at a post office box. There was a handwritten note on two of the invoices that this was the "wrong address." On October 4, 2017, the Association recorded a notice of default and election to sell, and on May 8, 2018, recorded a notice of trustee's sale, with the date set for June 6, 2018. A certificate of foreclosure sale subject to redemption was recorded on June 12, 2018. A trustee's deed upon sale was recorded September 20, 2018.

Not included among the exhibits was any documentation of the alleged agreement under which Hoang never had to pay Association fees for as long as he owned the home.

4

documents from the first lawsuit, either attached to the demurrer as exhibits or in a request for judicial notice.

Hoang filed a two-page opposition stating he disagreed with the demurrer. He did not offer any legal argument.

On September 12, the court granted the request for judicial notice and sustained the demurrer with 20 days leave to amend.

On October 10, Hoang filed his second amended complaint. The second amended complaint, without exhibits, was over 90 pages. Hoang made some effort to format the second amended complaint in a manner more in line with traditional pleadings. But while he stated eight causes of action (identical in substance although somewhat differently labeled than the previous complaint), in the text of the complaint, at least 92 paragraphs are entitled "cause of action" without specifying what the cause of action is in the header.

Defendants filed a motion to dismiss the second amended complaint under Code of Civil Procedure section 581, subdivisions (d) and (f)(2).[2] They argued the motion should be granted because Hoang failed to timely file the second amended complaint and that the first lawsuit, which raised identical issues, had been previously dismissed with prejudice. Hoang filed a motion to "correct [the] Second Amended Complaint" attaching a proposed third amended complaint.

On November 21, 2019, the court granted defendants' motion to dismiss and denied Hoang's motion to correct the second amended complaint, treating it as a motion for leave to file a third amended complaint. The minute order stated that the "corrections" Hoang sought to offer in a third amended complaint "still do not appear to state a cause of action. [¶] [Hoang] has had numerous opportunities to state a cause of

---

[2] Subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

5

action, in this and a prior action, but without success. Further leave to amend would not appear to be supportable under the circumstances."

The court, after the November 21 hearing, signed an order which cited only the failure to timely file as the reason for dismissal. The timeliness ground for their motion to dismiss, as defendants now admit, was mistaken, either due to the failure to add time for mailing or because the date was mistakenly calculated from the date of the hearing rather than from the date of the notice of ruling.

Hoang filed a notice of appeal of the November 21 order granting the motion to dismiss in January 2020. He elected to provide a settled statement under the California Rules of Court, rule 8.137.

Defendants attempted at least twice to seek a modification of the court's reasons for granting their motion to dismiss in November 21, 2019. They first filed a noticed motion to correct the error nunc pro tunc, asking the court to rely on substantive grounds rather than the timeliness issue. The court took the motion under submission on July 16, 2020. On August 13, defendants submitted a request to issue a ruling on that motion, a motion to strike the proposed settled statement, and a motion for sanctions.

On September 8, 2020, the court denied defendants' motion to strike the proposed settled statement and for sanctions. The court denied the motion, and stated: "As the court has advised defendants' counsel, it believes the order dismissing the case was improvidently granted. The record suggests the plaintiff filed a timely amended complaint in response to the court's order sustaining the demurrer with leave. While it could be argued that the amended complaint is functionally no different than the prior pleadings, and thus not a timely filing, it was filed within the time allowed to amend. If

this court had the jurisdiction, it would set aside the dismissal on its own motion."[3] Thus, the only reason for dismissing the case was the admittedly incorrect timeliness issue.

## II

## DISCUSSION

*Motion to Augment*

Defendants filed a motion to augment the record on appeal pursuant to California Rules of Court, rule 8.155(a). The documents are all part of the record below, including several minute orders, motions, and accompanying documents. No objection was filed. As it meets the requirements of rule 8.155, the motion to augment is therefore granted.

*Request for Calendar Preference*

Hoang requests we "expedite" this case due to his health. Such a request must be made via motion. (Cal. Rules of Court, rule 8.240.) Motions must be in writing pursuant to rule 8.54. The request, therefore, is denied.

*Request to Add New Appeals*

Hoang also requests that we "add another new appeal case number per [section] 904.1 for defendant(s)/buyer(s) who is not included in this appeal case." This is not an appropriate request for a brief; a timely notice of appeal must be filed pursuant to California Rules of Court, rule 8.100. This request, therefore, is denied.

---

[3] Defendants' brief fails to mention this order. This failure comes perilously close to ignoring their duty to be candid with this court and to discuss any significant fact in the record.

7

*Hoang's Briefing*

Defendants argue Hoang's opening brief is defective and nonconforming, and they have a point. It is to quite difficult to comprehend Hoang's briefs. He states English is not his first language, and we understand. Nonetheless, it is exceedingly difficult to perform our role without comprehensible briefs that comply with at least some of the applicable rules of court. Neither of Hoang's briefs include any case citations, relying only on citations to statutes with conclusory statements such as: "Respondent(s) failed California State Laws, failed Penal Code, failed Business and Professions Code, failed Code of Civil Procedure, failed the Civil Code and/or failed (CIV 1632, CIV 2923.3, CIV 2924f, CIV 3129, CIV 3485, CIV5660, C1V5675, CIV 5685, CIV 5690, CIV 5705, CIV5710, CIV 5715, CIV 5730 . . . ."

Self-represented litigants are required to follow the rules of procedure. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) "When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639, fn. omitted; see *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)

"The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) "If a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856.) "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

Given the state of Hoang's briefs, we would be well within our discretion to treat any arguments he attempts to raise as waived. We choose not to exercise that

8

discretion, however, both in the interests of justice, and because the error here is plain on the face of the record.

We do take this opportunity to advise Hoang that if this case returns to this court, we may not be so lenient. He is strongly advised to retain an attorney, and if he cannot do so, he must familiarize himself with the requirements of appellate briefing and conform his briefs to the California Rules of Court.

*Motion to Dismiss*

As discussed above, defendants, pursuant to section 581, subdivisions (d) and (f)(2),[4] moved to dismiss the case on two grounds: 1) Hoang's purported failure to file a timely second amended complaint, and 2) that "a prior identical lawsuit . . . was dismissed with prejudice by this court. . . . Plaintiff should not be given a second opportunity to relitigate matters that were formally adjudicated by this court." But the court only granted the motion on the first ground, as reflected in the formal, signed order, despite its comments in the minute order.

Defendants brought their motion to dismiss pursuant to section 581, subdivisions (d) and (f)(2). Subdivision (d) states: "[T]he court shall dismiss the complaint, or any cause of action asserted in it, in its entirety or as to any defendant, with prejudice, when upon the trial and before the final submission of the case, the plaintiff abandons it." Subdivision (f)(2) states: "The court may dismiss the complaint as to that defendant when: [¶] . . . [¶] . . . after a demurrer to the complaint is sustained with leave to amend, the plaintiff fails to amend it within the time allowed by the court and either party moves for dismissal." Those were the *only* noticed grounds for the motion to dismiss.

---

[4] All subsequent references to statutory subdivisions in this section are to subdivisions of section 581.

9

The reasons defendants sought dismissal under subdivision (f)(2) was obvious – they believed that Hoang had filed his second amended complaint after the deadline the court had set. As discussed above, defendants concede this was incorrect, and we need not address it further.

With respect to subdivision (d), defendants argued that because Hoang was attempting to relitigate matters previously decided, that was akin to abandoning the cause of action. Under the heading "Plaintiff May Not Relitigate Formally Adjudicated Matters" (capitalization & boldfacing omitted), they cited the rule against splitting a cause of action. They argued: "Plaintiff brings the present action in the same court alleging identical facts, and identical unintelligible causes of action against identical Defendants, all relating to a dispute concerning unpaid association assessment fees. It is inappropriate for a litigant to re-litigate issues, brining identical causes of action with the expectation of a different judicial result, especially when Plaintiff's prior action was dismissed with prejudice." While citing the rule against splitting actions, their argument resounded in principles of claim preclusion,[5] but either way, it is irrelevant to our ultimate decision here.

Defendants argue that the trial court's "decision to dismiss this action was based on the merits of . . . Hoang's complaints" (underlining omitted), but that contention is belied by both the language of the order of dismissal, the trial court's decision not to grant defendants' motions to amend the order, and the trial court's comments on the matter: "As the court has advised defendants' counsel, it believes the order dismissing

_____

[5] Although it does not ultimately matter to our decision in this appeal, it is not clear from this record whether the dismissal of the first lawsuit constituted a "final judgment on the merits" for purposes of claim preclusion. Further analysis is required, rather than the conclusory statements offered by defendants both in this court and below. (See, e.g., *Boyd v. Freeman* (2017) 18 Cal.App.5th 847.) Defendants' claim preclusion arguments below, moreover, relied almost entirely on two cases from 1902 and 1944. The law of claim preclusion has developed significantly since that time.

10

the case was improvidently granted. The record suggests the plaintiff filed a timely amended complaint in response to the court's order sustaining the demurrer with leave. While it could be argued that the amended complaint is functionally no different than the prior pleadings, and thus not a timely filing, it was filed within the time allowed to amend. If this court had the jurisdiction, it would set aside the dismissal on its own motion." We will not impute to the trial court a motive which it expressly disclaimed.

Further, defendants offer no authority for the proposition that dismissing the case under subdivision (d), which refers to abandonment, is appropriate when the argument they offer in support either relates to splitting a cause of action, claim preclusion, or both. Neither of those relate to abandonment, nor do they offer any authority in support of that argument.

Looking elsewhere to save their judgment, defendants now cite subdivision (m), which states: "The provisions of this section shall not be deemed to be an exclusive enumeration of the court's power to dismiss an action or dismiss a complaint as to a defendant." They argue that because of the apparent deficiencies of Hoang's complaints, the factual basis of claim preclusion, and the court's comments in the minute order, it does not matter that the signed order granted their motion solely on the incorrect basis of the lack of a timely amended complaint.

We disagree. It does matter. Subdivision (m) is not cited anywhere in their moving papers as a reason to dismiss the case. It would be unfair to consider a ground never cited below as justification for dismissal. (See, e.g., *American Continental Ins. Co. v. C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281.) Nor will we treat the motion to dismiss, brought under two specific grounds of section 581, as if it were a demurrer.

As much as defendants attempt to evade it, the simple fact is that the motion to dismiss was granted for one reason and one reason only – the purported lack of a timely amended complaint – and that ground was faulty. Had they realized the amended complaint was timely, they might have filed a demurrer instead, and the posture

11

of this case might have been very different.  But they did not, and we cannot simply engage in a series of fictions to rescue an order that was based on faulty reasoning from the outset and has no statutory support.  The fact that the trial court agrees only buttresses our decision further.

Defendants argue that the interests of justice are not served by reversing and permitting yet another round of amendment and demurrer.  We are not unsympathetic to this argument.  Unless Hoang retains an attorney, the chances that he will be able to amend his pleading successfully are not particularly high.  Nonetheless, we cannot simply ignore the law's requirements to reach what might seem to defendants as an inevitable outcome.


III

DISPOSITION

The judgment is reversed and the matter is remanded for further proceedings consistent with this opinion.  Hoang is entitled to his costs on appeal.



MOORE, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


12