Filed 2/24/22  Pollard v. Abramovic CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| FARLEY POLLARD et al., | B309220 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC705748) |
| v. | |
| NICHOLAS ABRAMOVIC et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Thomas D. Long, Judge.  Affirmed.

The Kruger Law Firm and Jackie Rose Kruger for Plaintiffs and Appellants.

Freeman Mathis & Gary, Daniel C. Walsh and Zachariah E. Moura for Defendants and Respondents.

—————————

# INTRODUCTION

Appellants Farley Pollard and Chelsea Pollard (appellants) appeal from the judgment on the trial court's order granting summary judgment in favor of respondents Nicholas Abramovic and Katja Grosch (respondents). On appeal, appellants argue: 1) the trial court's ruling "assumed facts not in evidence as the exhibits upon which [respondents] based its motion for summary judgment were distorted and did not support their argument of accord and satisfaction"; and 2) "the exhibits that were not distorted do not support the granting of [respondents'] Motion for Summary Judgment as a matter of law."

We affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

A.  *Civil Complaint*

On May 10, 2018, appellants filed a civil complaint against respondents jointly and severally for damages arising out of an automobile accident.

The complaint alleged that on February 9, 2017, respondent Abramovic drove through a red light and collided with appellants' vehicle, injuring them. At the time, Abramovic was allegedly under the influence of alcohol. Respondent Grosch was the passenger in and owner of the vehicle Abramovic drove. Abramovic was subsequently arrested for driving under the influence. Appellants alleged they suffered physical, mental, and emotional injuries; wage loss; loss of earning capacity; and hospital and medical expenses as a result of the accident. They sought general and special damages according to proof.

Respondents' answers to the complaint denied all allegations and asserted 10 affirmative defenses, including that

2

appellants' claims "are barred in whole, or in part, by the doctrine of Accord and Satisfaction."

B.       *Motion for Summary Judgment*

On June 19, 2019, respondents moved for summary judgment on the ground that a settlement was entered into by the parties by virtue of an accord and satisfaction under Uniform Commercial Code section 3311, subdivision (a).  Respondents argued "no triable issue of material fact exists and [they are] entitled to summary judgment as a matter of law in that a settlement was entered into by the parties by virtue of an accord and satisfaction, and that [appellants] failed and refused . . . to dismiss their complaint."

In support of the motion, respondents filed the declaration of their counsel Dee Bartholomew, which provided:

On July 31, 2018, GEICO issued two checks:  1) Check No. 198604009 in the amount of $15,000 made payable to "Law Office of Jackie Rose Kruger and Farley Pollard"; and 2) Check No. 198604969 in the amount of $15,000 made payable to "Law Office of Jackie Rose Kruger and Chelsea Pollard."  Appellants (the Pollards) were represented by Kruger and her law firm.  On August 3, 2018, GEICO mailed two proposed releases and the two checks to Kruger's Law Firm.  The August 3, 2018 letter and release specified the check payments were "for full and final settlement" of the claims.  The letter further requested that appellants "forward a conformed copy of the dismissal with prejudice" and to hold the checks "in escrow" and to not disburse the funds "until the enclosed release is signed by [appellants] and returned" to GEICO.  On August 17, 2018, the two checks "were cashed."

The two checks "conspicuously state on the front: 'In full & final settlement of any and all claims. Each side to bear their own costs.'" The checks "were endorsed on the back by the Kruger Law Firm." None of the words on the checks were crossed out or altered by appellants or their attorney Kruger. The money "has never been returned to GEICO." Because appellants and/or their attorney "cashed the two settlement checks and retained the funds, amounting to an accord and satisfaction," and because respondents pled the affirmative defense of accord and satisfaction in their answers, respondents requested summary judgment in their favor.

Attached to the motion and declaration as exhibits were copies of the two checks, the letter from GEICO to Kruger Law Firm dated August 3, 2018 with the proposed releases, and a letter of representation to GEICO from Kruger's Law Firm confirming representation of appellants.

Appellants failed to timely file opposition to the motion for summary judgment. The trial court continued the hearing on the motion to November 13, 2019, and ordered appellants to file opposition papers at least two weeks before the hearing.

As of November 13, 2019, appellants again had failed to file opposition. The trial court granted the motion, and found respondents "adequately show, in their moving papers, that their insurance company engaged in settlement negotiations with [appellants] after the accident that forms the basis of this case, and ultimately settled the claims for the total amount of $15,000 to each of the two [appellants]. [Respondents] show that they actually paid the money per the claims." The court's ruling provided: Respondents "met their moving burden to show they are entitled to judgment as a matter of law" and appellants

4

"failed to meet their burden to raise a triable issue of material fact."

C.      *Appellants' Motion for Reconsideration*

On November 27, 2019, appellants filed a motion for reconsideration of the court's order granting summary judgment. Appellants asked the court to reconsider its November 13, 2019 order because appellants "were never given notice of the ruling from the initial hearing for [the] September 19, 2019 motion for summary judgment hearing" and "have new information and evidence that could not be provided to the Court."

On January 22, 2020, respondents filed their opposition to the motion for reconsideration, which included declarations of their counsel and copies of the two checks, each for $15,000. The checks were endorsed by the Kruger Law Firm and deposited on August 17, 2018.

On February 4, 2020, the trial court granted appellants' motion for reconsideration because of the court's mistake in calendaring the November 13, 2019 date. The court set March 4, 2020 as the hearing date for the summary judgment motion and ordered appellants to file their opposition at least two weeks before the hearing.

D.      *Appellants' Opposition to Summary Judgment*

On February 19, 2020, appellants filed their opposition to the motion. They argued there was no accord and satisfaction, and that respondents "sent the checks even though there was never an agreement between the parties, establishing that [they were] *not sent in good faith*. Alternatively, even if the checks were mailed and deposited by [appellants], it was done so in the

ordinary course of business inadvertently and without knowledge of the notation." (Italics added.)

In support of their opposition, appellants included a declaration of their attorney Kruger. She declared that the checks "may have been inadvertently deposited in the ordinary course of [her] office's day without knowledge of the notation on the checks." The declaration also stated her office "did not receive a release with the checks that were purportedly sent." She had "not distributed the checks" to appellants, as they "have not informed [Kruger] that they agreed to settle the claim for the amounts listed on the checks." Finally, she stated she "do[es] not have [the] checks that are endorsed by [appellants]."

Appellants also included their own declarations that they had never agreed to settle their claims; they had never received any of the funds; they had neither received nor executed any releases; and they had received no notice that the checks had been sent.

E.    *Trial Court's Ruling*

On March 13, 2020, the trial court "made clear that it is considering certain enumerated facts to be undisputed for purposes of this motion." The court found "the parties did not have an explicit agreement to resolve their claims prior to receipt of the settlement checks, and [appellants] did not execute the release agreement sent with the checks. [Respondents] mailed the checks for policy limits with a proposed release agreement, and [appellants'] attorney deposited the checks into the client trust account. The checks bear a notation that they are for 'full and final' payment of all claims."

6

The trial court ordered the parties to brief the application of Civil Code section 1526 and Uniform Commercial Code section 3311 and continued the hearing to September 15, 2020.

At the September 15, 2020 hearing, the trial court granted respondents' motion for summary judgment as to all causes of action. The court found Civil Code section 1526 inapplicable and that Uniform Commercial Code section 3311 governed the issue. In granting the motion, the court found appellants "have not, to date, returned the money received from the checks." It further found: Appellants "now contend[] that some of these facts are disputed, despite not having disputed them at prior hearings. The court is not convinced there is a dispute, except perhaps as to whether [appellants] received a release with the checks. That dispute, however, is not material. The release was not signed. The accord and satisfaction arises out of the negotiation of the checks which made payment for 'any and all claims' asserted in the lawsuit." The court noted the checks were "for the full policy limits on [respondents'] policy, which is a very strong factor in favor of a showing of good faith."

On October 5, 2020, judgment was entered in favor of respondents. This appeal followed.

## DISCUSSION

Appellants contend the trial court erred in granting summary judgment because there are triable issues of material fact. Appellants argue the record does not contain substantial

7

evidence of the existence of an accord and satisfaction between the parties. (Cal. U. Com. Code,[1] § 3311.)

Respondents argue appellants fail "to point to any evidence submitted to show a triable issue [of material fact exists], or to show that there is an alternative reasonable interpretation of the established facts, that defeats the prima facie case."

We agree with respondents.

A.    *Standard of Review*

We review an appeal from the grant of a motion for summary judgment de novo; because "a summary judgment motion raises only questions of law regarding the construction and effect of the supporting and opposing papers, we independently review them on appeal . . . ." (*AARTS Productions, Inc. v. Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064 (*AARTS*).) We examine the record to determine whether triable issues of material fact exist and "consider[] all the evidence set forth in the moving and opposition papers except that to which objections were made and sustained." (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65–66.)

The moving party "bears the burden of showing the court that the plaintiff 'has not established, and cannot reasonably expect to establish, a prima facie case.' " (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460.) The burden then shifts to the plaintiff to show the existence of a triable issue; to meet that burden, the plaintiff cannot "rely on assertions that are 'conclusory, argumentative[,] or based on conjecture and

---

[1]    Undesignated statutory references are to the California Uniform Commercial Code.

8

speculation,' but rather were required to 'make an independent showing by a proper declaration or by reference to a . . . discovery product that there is sufficient proof of the matters alleged to raise a triable question of fact . . . .' " (*Roberts v. Assurance Co. of America* (2008) 163 Cal.App.4th 1398, 1404; see *Lyle v. Warner Brothers Television Productions* (2006) 38 Cal.4th 264, 274.)

Thus, we must identify the issues framed by the pleadings, determine whether the moving party has negated the opponent's claims, and determine whether the opposition has demonstrated the existence of a triable, material factual issue. (*AARTS*, *supra*, 179 Cal.App.3d at pp. 1064–1065.) We will not, however, entertain new factual allegations or arguments on appeal that were not raised before the trial court. " '[U]nless they were factually presented, fully developed[,] and argued to the trial court, potential theories which could theoretically create "triable issues of material fact" may not be raised or considered on appeal.' " (*Peart v. Ferro* (2004) 119 Cal.App.4th 60, 70.) A new theory may be presented for the first time on appeal where it "involves only a legal question determinable from facts which not only are uncontroverted in the record, but which could not be altered by the presentation of additional evidence." (*In re Marriage of Priem* (2013) 214 Cal.App.4th 505, 510–511, internal quotation marks omitted.)

B.    *Applicable Law*

The requirements for an accord and satisfaction based on acceptance of a negotiable instrument are governed by section 3311. (*Bellows v. Bellows* (2011) 196 Cal.App.4th 505, 510.) Section 3311 provides, in relevant part: "(a) If a person against whom a claim is asserted proves that (1) that person in good faith tendered an instrument to the claimant as full satisfaction of the

9

claim, (2) the amount of the claim was unliquidated or subject to a bona fide dispute, and (3) the claimant obtained payment of the instrument, the following subdivisions apply.  [¶]  (b) [T]he claim is discharged if the person against whom the claim is asserted proves that the instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim" unless "(c)(2) The claimant . . . proves that within 90 days after payment of the instrument, [he] tendered repayment of the amount of the instrument to the person against whom the claim is asserted."  (§ 3311, subds. (a), (b), & (c)(2).)

According to official code comment No. 4 on section 3311: "Normally the statement required by subsection (b) is written on the check.  Thus, the canceled check can be used to prove the statement as well as the fact that the claimant obtained payment of the check.  Subsection (b) requires a 'conspicuous' statement that the instrument was tendered in full satisfaction of the claim. . . . The statement is conspicuous if 'it is so written that a reasonable person against whom it is to operate ought to have noticed it.'  If the claimant can reasonably be expected to examine the check, almost any statement on the check should be noticed and is therefore conspicuous."  (See Official Comments on U. Com. Code, Deering's Ann. Cal. U. Com. Code (2017 ed.) foll. § 3311, pp. 443–444.)

Whether an accord and satisfaction has been reached is a question of fact.  (*Woolridge v. J.F.L. Electric, Inc.* (2002) 96 Cal.App.4th Supp. 52, 57 (*Woolridge*); *In re Marriage of Thompson* (1996) 41 Cal.App.4th 1049, 1059.)  An accord and satisfaction may be implied; whether a transaction constitutes an accord and satisfaction depends on the intention of the parties as

10

determined from the surrounding circumstances, including the conduct and statements of the parties, and notations on the instrument itself.  (*In re Marriage of Thompson*, at pp. 1058--1059.)

C.    *Analysis*

To obtain an accord and satisfaction under section 3311, a debtor must prove that:  1) the debtor in good faith tendered an instrument to the claimant as full satisfaction of the claim; 2) the amount of the claim was unliquidated or subject to a bona fide dispute; and 3) the claimant obtained payment of the instrument.  (*Lucky United Properties Investment, Inc. v. Lee* (2010) 185 Cal.App.4th 125, 148.)

Appellants first contend the copies of the checks attached as respondents' exhibits are "distorted" and "have no recognizable language" from which a reasonable person could discern that the checks were intended as payment in full of the dispute between the parties.

Appellants did not propound this argument in their opposition to summary judgment nor was it set out in their complaint.  "Generally, the rules relating to the scope of appellate review apply to appellate review of summary judgments. [Citation.]  An argument or theory will generally not be considered if it is raised for the first time on appeal.  [Citation.] Specifically, in reviewing a summary judgment, the appellate court must consider only those facts before the trial court, disregarding any new allegations on appeal.  [Citation.]  Thus, possible theories that were not fully developed or factually presented to the trial court cannot create a 'triable issue' on appeal."  (*American Continental Ins. Co. v. C & Z Timber Co.* (1987) 195 Cal.App.3d 1271, 1281.)  "A party is not permitted to

11

change his position and adopt a new and different theory on appeal.  To permit him to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant." (*Ernst v. Searle* (1933) 218 Cal. 233, 240–241; see also *Mattco Forge, Inc. v. Arthur Young & Co.* (1997) 52 Cal.App.4th 820, 847.) " '[U]nless they were factually presented, fully developed[,] and argued to the trial court, potential theories which could theoretically create "triable issues of material fact" may not be raised or considered on appeal.' " (*Peart v. Ferro, supra,* 119 Cal.App.4th at p. 70.)

In addition, if appellants objected to evidence in support of the motion for summary judgment, they should have submitted their objections in writing.  (See Cal. Rules of Court, rule 3.1354.) The record includes no written objections to the checks.  (See *id.*, (b).)

Accordingly, we do not exercise our discretion to entertain appellants' new argument.  Were we to do so, we would find it a non-issue.  Although the copies of the two checks are slightly distorted in one portion of the record, there are clear copies of the two checks attached as exhibits to respondents' January 22, 2020 opposition to appellants' motion for reconsideration of order granting summary judgment.  The checks clearly and conspicuously state on the front:  "Full & final settlement of any & all claims.  Each side to bear their own costs."  The checks also clearly show they were endorsed for deposit by the Kruger Law Firm.  The conspicuous language was not crossed out by appellants or their attorney before deposit.  The checks plainly stated they were intended to settle the entire dispute.

Second, appellants argue there is no substantial evidence that the two checks were tendered "in good faith." In support, they rely on and cite to *Woolridge*, where the settlement check was found to have been tendered in good faith. In *Woolridge*, Woolridge and the insurance adjuster reached an agreement on a settlement figure during telephone discussions and, in reliance on that agreement, a check payment for that settlement amount was mailed to Woolridge. The court found the "check was tendered in good faith." (*Woolridge*, *supra*, 96 Cal.App.4th Supp. at p. 60.) We note, however, *Woolridge* does not stand for the proposition that evidence of oral discussions is the only way to calibrate good faith in tendering a settlement check.

Specifically, official code comment No. 4 on section 3311 provides: " 'Good faith' . . . is defined . . . as not only honesty in fact, but the observance of reasonable commercial standards of fair dealing. (See Official Comments on U. Com. Code, Deering's Ann. Cal. U. Com. Code, *supra*, foll. § 3311, pp. 443–444.) The meaning of 'fair dealing' will depend upon the facts in the particular case. *For example, suppose an insurer tenders a check in settlement of a claim for personal injury in an accident clearly covered by the insurance policy. The claimant is necessitous and the amount of the check is very small in relationship to the extent of the injury and the amount recoverable under the policy. If the trier of fact determines that the insurer was taking unfair advantage of the claimant, an accord and satisfaction would not result from payment of the check because of the absence of good faith by the insurer in making the tender.*" (Italics added.) Here, respondents provided two checks for the full policy limits with a statement that the checks were in full settlement of all claims. This is a very strong factor showing good faith.

Appellants note "the checks were held in escrow without acceptance by appellants as to the terms accompanied with the checks in the letter and release." Substantial evidence in the record demonstrates otherwise. The conspicuous language on the front of the two checks stating "full & final settlement of any & all claims" was not crossed out by appellants or their attorney prior to being deposited by Kruger Law Firm. Additionally, as of the date of the order granting summary judgment, appellants had not returned the funds to respondents, their counsel, or GEICO, even though section 3311, subdivision (c)(2) provided appellants with an out if they "tendered repayment of the amount of the instrument" within 90 days after payment was made." (§ 3311, subd. (c)(2).) As the trial court found, it was the negotiation of the checks expressly made in full settlement, without a later return of the funds to respondents, that constituted the accord and satisfaction. That appellants' counsel did not actually disperse the funds to her clients does not negate the fact that the checks were, in fact, negotiated.

We conclude the record establishes substantial evidence of an accord and satisfaction pursuant to section 3311 and the absence of triable issues of material fact.

14

## DISPOSITION

The judgment is affirmed.  Respondents Nicholas Abramovic and Katja Grosch are awarded costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:


GRIMES, Acting P. J.


WILEY, J.

15